537 So.2d 652 (1989)
Austin C. McLANE, As Chief of Police of the City of Tampa Police Department, Appellant,
v.
Ansell George ROSE, Owner of One 1987 Buick Somerset, 2-Door 1987 Florida Tag: BJP-64V, VIN: 1G4NJ11U5HMO 15555, Appellee.
No. 88-1162.
District Court of Appeal of Florida, Second District.
January 6, 1989.
Ernest Mayor, Jr., Asst. City Atty., Tampa, for appellant.
No appearance for appellee.
SCHOONOVER, Judge.
The appellant, Austin C. McLane, in his capacity as Chief of the Tampa Police Department, challenges a final order denying *653 forfeiture of a 1987 Buick Somerset automobile owned by the appellee, Ansell George Rose. We find that the trial court erred by denying forfeiture on the basis that certain tangible evidence was improperly seized from the appellee and, accordingly, reverse.
On the evening of September 2, 1987, officers of the Tampa Police Department arrested the appellee and seized his automobile in connection with that arrest. The appellant subsequently filed a petition seeking forfeiture of the automobile pursuant to the Florida Contraband Forfeiture Act, sections 932.701 through 932.704, Florida Statutes (1987). The petition alleged that the automobile had been used in violation of section 932.702. That section provides, among other things, that it is unlawful to possess any contraband article in a motor vehicle.
At the hearing held on the trial court's order requiring anyone claiming an interest in the automobile to show cause why it should not be forfeited, the appellant presented the testimony of two police officers. According to the testimony of these officers, the appellee's arrest occurred in the vicinity of two duplex buildings in a known high drug trafficking area that were being investigated at the request of a citizen who lived in one of the duplex apartments. Two of the four apartments were unoccupied. The officers' initial visit to the duplexes resulted in their discovery of a gun in one of the mailboxes and drug paraphernalia in one of the vacant apartments. When asked about the appellee's automobile, which was parked in one of the driveways, the complainant stated that he was not familiar with the automobile and did not know to whom it belonged.
The officers then left the area, but returned later that evening. While standing in front of one of the duplexes, the officers observed the appellee's automobile pull into the driveway. Immediately after the headlights had shone upon the officers, the automobile backed into the roadway and stopped with its headlights on and motor running. After the vehicle did not move for a considerable period of time, the officers approached it and asked the driver, the appellee, for his driver's license.
Upon receiving the license, the officer requested computer information concerning the appellee's identity. While awaiting this information, the officer who had approached the passenger side of the automobile observed the appellee's female passenger trying to conceal something between her seat and the console of the vehicle and, fearing that it might be a weapon, ordered the passenger to exit the vehicle. The officer reached between the seat and console and pulled out a bag which tore open as he removed it. After ascertaining that the bag contained cocaine and cocaine paraphernalia, the officer arrested the passenger, and the appellee was ordered out of the vehicle.
At that point, the prior computer check came back indicating that there was an outstanding capias for the appellee's arrest. The appellee was arrested on the capias, and a subsequent search of his person revealed cocaine. The officers then seized the vehicle.
The appellee, representing himself at the forfeiture hearing, testified on his own behalf and admitted to possessing cocaine at the time of his arrest. He did not refute the police officers' testimony concerning the facts which led to his arrest and the subsequent search of his person.
At the conclusion of the proceedings, the trial court found that the appellee had occupied his automobile while in possession of cocaine. The petition of forfeiture was denied, however, based upon the trial court's conclusion that the officers did not have a reasonable suspicion to believe a crime was being committed, had been committed, or was about to be committed in order to detain the appellee or to ask for his identification. This timely appeal followed.
Although evidence uncovered in violation of the fourth amendment of the United States Constitution must be excluded from consideration in civil forfeiture proceedings, In re Forfeiture of Approximately Forty-eight Thousand Nine Hundred Dollars ($48,900) in United States Currency, *654 432 So.2d 1382 (Fla. 4th DCA 1983), we find that no violation of the fourth amendment occurred in this case. The trial court, therefore, improperly denied forfeiture on the basis that the cocaine found on the appellee's person was unlawfully seized.
The trial court incorrectly concluded that the officers in this case needed a "reasonable suspicion" in order to approach the appellee and ask for identification. Before an officer may "detain" an individual he must have a well founded suspicion that the individual has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county. § 901.151, Fla. Stat. (1987). See also, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). There is, however, a distinction between a "detention" and an "encounter." A law enforcement officer is not prohibited from addressing questions to any individual on the street notwithstanding that officer's lack of a well founded suspicion of criminal activity. Terry; Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). In such a situation, the individual is under no duty to remain and answer the officer's questions; he may not be detained against his will or frisked but may refuse to cooperate and go on his way. Terry; Lightbourne. It is only when, in view of all the circumstances, a reasonable person is led to believe he is not free to leave that a consensual encounter is transformed into a detainment constituting a fourth amendment seizure. See Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985), review denied, 471 So.2d 43 (Fla. 1985).
In this case, the uniformed officers, who were in the area at the request of a citizen and were aware of the facts described above, approached a vehicle and asked the driver for identification. The officers' conduct was reasonable under the facts of this case and nothing in the record indicates that the appellee was not free to leave or ever expressed a desire to leave prior to relinquishing his driver's license to the officers. The evidence in the record, therefore, indicates that a permissible consensual encounter occurred. Lightbourne; Davis. See also, State v. Arnold, 475 So.2d 301 (Fla.2d DCA 1985). The trial court, therefore, erred in denying forfeiture based upon the officers' lack of authority to ask the appellee for his identification.
The trial court also erred in denying forfeiture based upon its determination that the officers did not have a "reasonable suspicion" that the appellee had committed, was committing, or was about to commit a crime at the time he was detained. Any detainment of the appellee occurred after the officers had properly discovered cocaine and paraphernalia within the vehicle and ordered the appellee out of the vehicle. At this time, if not before, the officers were aware of facts which provided a well founded suspicion sufficient to detain the appellee. See Codie v. State, 406 So.2d 117 (Fla.2d DCA 1981). Immediately thereafter, the officers were notified that there was an outstanding capias for the appellee's arrest. He was at that time arrested and lawfully searched pursuant to that arrest. See § 901.21, Fla. Stat. (1987).
Since the contraband was properly seized from the appellee and he admittedly possessed the contraband within the automobile, the trial court erred in denying the appellant's petition for forfeiture. We, accordingly, reverse the trial court's order denying forfeiture and remand with instructions to enter a final judgment in favor of the appellant.
Reversed and remanded with instructions.
SCHEB, A.C.J., and HALL, J., concur.