549 So.2d 785 (1989)
STATE of Florida, Appellant,
v.
John Edward SIMONS, Appellee.
No. 89-00161.
District Court of Appeal of Florida, Second District.
October 4, 1989.
*786 Robert A. Butterworth, Atty. Gen., Tallahassee and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender and Andrea Steffen, Asst. Public Defender, Bartow, for appellee.
SCHEB, Acting Chief Judge.
The state's information charged defendant, John Edward Simons, with attempted second-degree murder, alleging he attempted to use a handgun to shoot Vincent Brown. Simons moved to suppress the revolver taken from him by Deputy Ken Pickering. The trial court granted the defendant's motion to suppress, and the state appeals. We have jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(1)(B). We reverse.
Deputy Pickering was the only witness at the suppression hearing. While on patrol he received a police dispatch which described a black male in a red outfit selling drugs at a supermarket. Pickering had Simons, a black male who was wearing a red jogging outfit, in his view when he received the broadcast. Simons was seated on the sidewalk by the supermarket eating chips when the deputy approached and explained to him that someone matching his description was selling drugs. Pickering asked if Simons would mind emptying his pockets. Simons denied having any drugs but then opened his shirt to reveal a gun. Upon seeing the firearm which had been concealed by Simons' shirt, Deputy Pickering arrested Simons. The trial court suppressed the gun, finding that the description in the broadcast was too vague to support a well-founded suspicion necessary for the police to make an investigatory stop.
The state argues that the trial court erred in characterizing the incident which culminated in seizure of the defendant's gun as a stop rather than a consensual police encounter. We agree.
We begin our discussion by pointing out that there are three levels of encounter between police and members of the public. The first level is sometimes referred to as a consensual encounter. It involves only minimal police contact but no seizure and therefore does not intrude on any constitutionally protected interest under the fourth amendment. The second level involves an investigative "stop" and sometimes a "frisk." At this level, an officer may stop a person if the officer has a well-founded suspicion that criminal activity is afoot. Additionally, the officer may conduct a limited search or frisk of the individual for concealed weapons where the officer is justified in believing the person is armed and dangerous to the officer or others. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A third level involves either a formal arrest or seizure similar to a formal arrest. At this level it is necessary for the police to have probable cause to believe that a crime has been or is being committed. The second and third levels involve protections of the fourth and fourteenth amendments to the United States Constitution and corresponding protections of the state constitution.
In this case, the trial judge concluded that the deputy's action went beyond a mere police encounter and lacked the well-founded suspicion required to make an investigatory stop. Our purpose here is to distinguish an ordinary police encounter not involving fourth amendment ramifications from an investigatory stop which does.
With respect to a police encounter with a member of the public, the United States Supreme Court has observed:
[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or *787 in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions... . Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justifications... . The person approached, however, need not answer any question put to him; indeed, he may decline to listen to the questions at all and may go on his way.
Florida v. Royer, 460 U.S. 491, at 497-98, 103 S.Ct. 1319, at 1324, 75 L.Ed.2d 229, at 236 (1983).
In a police encounter the person approached need not answer any questions and may simply leave. Thus, while there is no litmus-paper test for distinguishing a police encounter from a seizure, a significant identifying characteristic of a police encounter is that the officer cannot hinder or restrict the person's freedom to leave or freedom to refuse to answer inquiries, and the person may not be detained without reasonable objective grounds for doing so. Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
In determining whether a police encounter occurred, the appellate court must look at the facts in light of all surrounding circumstances to determine whether a reasonable person would have believed he or she were free to leave. J.C.W. v. State, 545 So.2d 306 (Fla. 1st DCA 1989); McLane v. Rose, 537 So.2d 652 (Fla. 2d DCA 1989).
A "stop," on the other hand, is permissible provided the detention is temporary and reasonable under the circumstances only when the police officer has a well-founded suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1987); Terry. We have recently emphasized that a well-founded suspicion is determined from the totality of the circumstances and must be more than a mere suspicion of criminal activity. Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989).
In this case, Deputy Pickering approached Simons and asked if he was selling drugs. Simons voluntarily and without any request from the deputy displayed the revolver he was carrying under his shirt. The evidence at the suppression hearing does not indicate that the officer, either by language or actions, intimidated Simons. Nor does it reveal that the officer in any way hampered the defendant's freedom to walk away or to refuse to answer inquiries nor that the defendant was compelled to acquiesce to the officer's authority. Moreover, the Fourth District Court of Appeal recently pointed out that while most citizens respond to a police request, the fact that they do so without being told they are free not to respond does not eliminate the consensual nature of their response. State v. Avery, 531 So.2d 182 (Fla. 4th DCA 1988) (en banc).
We find this was a consensual police encounter and not a stop amounting to a seizure. Without a seizure within the meaning of the fourth amendment, no constitutional rights have been infringed. Florida v. Royer. Since we find that no seizure occurred, it is unnecessary to address whether a well-founded suspicion of criminal activity existed so as to justify an investigatory stop. We, therefore, find the trial court erred in suppressing the gun taken from the defendant.
Reversed.
RYDER and PARKER, JJ., concur.