566 So.2d 585 (1990)
STATE of Florida, Appellant,
v.
Dennis J. WILSON, Appellee.
No. 89-03519.
District Court of Appeal of Florida, Second District.
September 7, 1990.
*586 Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellee.
SCHEB, Acting Chief Judge.
The state appeals the trial court's order granting the defendant's motion to suppress a crack cocaine pipe. We reverse.
The essential facts are not in dispute. The owners of a motel requested police presence to aid them in removing persons not guests or invitees of the motel from their premises. While on routine patrol, in the area about noon, a uniformed police officer, riding in his marked car, observed the defendant approach the motel from the back parking lot. The defendant hesitated when he saw the cruiser. At that point, the officer exited his car and asked the defendant how he was doing and if he could talk to him. The defendant responded "Okay." When asked for identification, the defendant produced his driver's license. Next, the officer asked if he stayed at the motel or had business there, and the defendant replied he was there to see a friend, who he described as a white female, in room 404.
From earlier observations and police information, the officer knew room 404 was rented to a black man, and he had only seen black men and women entering or leaving the room. He also knew drugs had been purchased there.
During their conversation, the defendant repeatedly reached behind himself, touching the waistband of his pants. The officer became apprehensive and asked if he had any weapons or anything illegal on him. The defendant responded that he had no weapons. Then the officer asked the defendant if he could frisk him, and the defendant *587 responded, "Go ahead and search." The officer felt a long tubular object in his pants' pocket, and the defendant voluntarily pulled out a crack cocaine pipe.
The state argues the episode began as a consensual citizen encounter but then became a stop and pat-down search. However, the state asserts that the officer developed a reasonable suspicion to effect the stop and frisk due to the defendant's action in reaching for his waistband and in the responses he gave to questions during their initial consensual conversation. We agree.
In determining whether this episode began as a consensual citizen encounter, we look to the totality of the circumstances and, most importantly, to whether a reasonable person would believe he was free to leave. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). It is firmly established that an officer does not need any founded suspicion to approach and ask questions of an individual. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); McLane v. Rose, 537 So.2d 652 (Fla. 2d DCA 1989). Such questionings usually constitute consensual encounters rather than stops unless an attempt is made to forcibly prevent citizens from exercising their right to walk away. Simons.
Here, the officer did not display a weapon, touch the defendant without consent, or use any language that might indicate compliance was compelled. Further, only one officer, as opposed to a group of officers, was involved. See Mendenhall. Based on all the circumstances, we hold that the initial contact was a consensual encounter.
We think, however, that by the time the officer asked the defendant if he could frisk him, the situation had evolved into a stop. By that time, however, the defendant's responses provided the officer with a well-founded suspicion that the defendant was about to become involved in illegal drug activity. See Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), rev. denied, 471 So.2d 43 (Fla. 1985); Burke v. State, 465 So.2d 1337 (Fla. 5th DCA 1985). The officer learned of the defendant's intention to go to room 404 and locate his white girlfriend, and knew the room was used to conduct drug purchases and no white people were there. We think the information possessed by the officer, combined with the defendant's actions, gave rise to a founded suspicion on the part of the officer that a crime was about to take place. Thus, a temporary detention of the defendant was justified.
The defendant's body movements and nervous demeanor during the consensual encounter gave the officer reasonable suspicion to conduct a pat-down search. He had reasonable suspicion to believe the defendant had a weapon, and thus the frisk and the seizure of the crack pipe were proper. Dunn v. State, 382 So.2d 727 (Fla. 2d DCA 1980). Moreover, while we agree with the state's argument regarding founded suspicion, we note also there is evidence from which the trial judge could well have concluded that the defendant consented to the search.
Reversed.
PARKER and PATTERSON, JJ., concur.