596 So.2d 149 (1992)
STATE of Florida, Appellant,
v.
Jerome DeCOSEY, Appellee.
No. 91-00985.
District Court of Appeal of Florida, Second District.
March 18, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellee.
FRANK, Judge.
The State of Florida has appealed from an order suppressing evidence of contraband and statements obtained from Jerome DeCosey after an event that the trial court concluded was an illegal stop. Because the questioning of DeCosey occurred during a police encounter, rather than a full-fledged stop, his statements and the cocaine were admissible even though no Miranda warnings had been given. Accordingly, we reverse.
Deputy Gary James of the Polk County Sheriff's office testified that he was aware of the theft of numerous motorcycles from two Lake Wales motorcycle shops. He had been given descriptions of the stolen bikes and he had on prior occasions looked for them. On an early morning in November of 1990, DeCosey, pushing a motorcycle, approached James' patrol car. DeCosey was attempting to start the bike, and he walked almost directly into James' car. James observed that the bike was a new Yamaha, but in a scratched and battered condition. James asked DeCosey if it were his motorcycle, to which DeCosey replied, *150 "no." James then asked, "Is this one of the motorcycles that was taken from the Suzuki motorcycle shop?" DeCosey responded, "I didn't steal it, those other boys did." At that point, because DeCosey was in possession of recently stolen property, James had probable cause to arrest him. A search incident to the arrest revealed a vial of cocaine.
The trial court apparently believed that James went too far in his questioning. The trial court's theory was that, having ascertained that the motorcycle was not DeCosey's, James should have Mirandized him before further questioning. Miranda warnings are not necessary, however, unless the suspect is in custody. Until DeCosey volunteered that some other people had stolen the motorcycle, James did not have a reasonable suspicion to believe that DeCosey had committed a crime. Therefore, he could not properly effect a seizure of DeCosey.
The events in this case fit within the classic meaning of an "encounter." An encounter involves "only minimal police contact but no seizure," and does "not intrude on any constitutionally protected interest under the fourth amendment." State v. Simons, 549 So.2d 785, 786 (Fla. 2d DCA 1989). The hallmark of an encounter is that the suspect is free to go. See Lightbourne v. State, 438 So.2d 380 (Fla. 1983). In this case DeCosey was free to refuse to answer questions. Once he began to talk, however, he revealed information that led the officer reasonably to believe that a crime had been committed. Thus, Miranda warnings were not necessary until after DeCosey had been placed under arrest. Because we find no infirmity in James' conduct in this case, the order of suppression is reversed and this cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
LEHAN, A.C.J., and PATTERSON, J., concur.