CAMPBELL, Acting Chief Judge.
Appellant, Clifford D. Gano, convicted of possession of cocaine and marijuana, pled nolo contendere reserving the right to appeal the denial of his motion to suppress. We agree with appellant that his motion to suppress was improperly denied and, accordingly, reverse and remand with instructions that appellant be discharged.
The facts adduced at the motion to suppress hearing show that Clearwater Police Sergeant Harris, on patrol at about 1:00 a.m. on October 20, 1990, drove his police vehicle into the parking lot at the rear of the “Jeffries Lounge” where he observed two males sitting in the front seat of an automobile that was parked with its motor off and its lights out. Jeffries Lounge was open for business at the time. Sergeant Harris considered, for unexplained reasons, that two males sitting in an automobile in the parking lot of a lounge that was open for business was “unusual.” He stated, again for unexplained reasons, that it did not appear that “they were getting ready *760 to leave or had just arrived.” Observing this “unusual” circumstance, Sergeant Harris pulled his patrol car to within three feet of the front of the automobile containing the two unknown males, stopped his unmarked patrol car and got out. Sergeant Harris testified:
As I was exiting my vehicle, I saw Mr. Kelly, who’s [sic] sits in the passenger’s side of the vehicle, look at me. And Mr. Gano looked at me also. And all of a sudden Mr. Kelly reached over to the floorboard of the car, in this manner, I saw his shoulder moving as though he was shoving something underneath the front seat.
At that point, Sergeant Harris approached the passenger’s (Kelly’s) side of the vehicle and told both appellant and Kelly to “get their hands up where I could see them.” Appellant placed his hands on the steering wheel and Kelly raised his hands to the roof of the car. At that point, Sergeant Harris had merely observed two people sitting in a car in a parking lot of a lounge that was open for business. When Sergeant Harris apparently blocked their vehicle with his patrol car and got out, they “looked at him.” (We are at a loss as to why appellant and Kelly “lookpng] at” Sergeant Harris under these circumstances is so surprising, or suggestive of criminal or unusual conduct.) He then observed the passenger, Kelly, apparently reach down to push something beneath his seat; not reach down to take something (like a weapon) out from beneath the seat, but push something beneath the seat. Sergeant Harris testified that “upon the sight of the police, when he made these movements, at that time I began to have a fear that there was illegal activity under foot, be it a weapon or drug violation.”
Sergeant Harris called for police backup and detained appellant and Kelly. When the other officers arrived, Sergeant Harris ordered the men out of the car. He observed “a white powdery substance across his (Kelly’s) shoulders and upper back” when Kelly exited the vehicle. Sergeant Harris suspected the substance to be cocaine. During a subsequent search of appellant’s car, Sergeant Harris found a small empty plastic baggy and a large fishing tackle box that was upside down on the floorboard by the front passenger seat. Sergeant Harris also observed a white powdery substance on the clear plastic lid of the tackle box. Sergeant Harris performed a presumptive test on the white powdery residue that indicated it to be cocaine. Appellant and Kelly were placed under arrest and Kelly’s car, also in the parking lot, was searched and found to contain cocaine.
We conclude that at the time Sergeant Harris ordered appellant and Kelly to exit appellant’s car, he had insufficient facts upon which to base a founded suspicion that appellant or Kelly were involved in criminal activity. He had only a mere suspicion and that is not enough to support a stop. See State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). As Sergeant Harris approached appellant’s vehicle, he did not ask about weapons, look for weapons, or ever discover weapons. He had driven an unmarked police car to within three feet of appellant’s vehicle, stopped his car with his headlights on and exited his vehicle. As appellant and his passenger looked up at this approaching person, the passenger pushed something beneath his seat. While subsequent events proved appellant and his passenger to be in possession of cocaine, there was nothing prior to their detention to give Sergeant Harris a founded suspicion of criminal activity or a reasonable fear for his safety.
We find the motion to suppress should have been granted and, accordingly, reverse and remand with instructions to discharge appellant.
FRANK and PARKER, JJ., concur.