ANSTEAD, Judge,
dissenting.
We often ponder the nature of liberty. I would submit that in its simplest form liberty is not having a police officer approach and order you out of your car. We are breaking new ground today in holding that the police may control the movements of a motorist without any requirement whatsoever of “probable cause” or “founded suspicion” of unlawful conduct. In my view, this constitutes a clear violation of the Fourth Amendment to the United States Constitution. I would follow the decisions from the Second and Fifth Districts cited in the majority opinion, which I believe represent a correct application of Fourth Amendment law.
In Pennsylvania v. Mimms, 434 U.S. 106, 109-11, 98 S.Ct. 330, 332-33, 54 L.Ed.2d 331 (1977), the United States Supreme Court held that a driver who has already been legally stopped and detained by the police may also be ordered out of the ear, since the additional intrusion on a person already detained is not a “serious intrusion.” The court emphasized, however, that it was not approving the scenario adopted by the majority today:
Contrary to the suggestion in the dissent of our Brother STEVENS, post, [434 U.S. at 122-23, 98 S.Ct.] at 339, we do not hold today that “whenever an officer has an occasion to speak with the driver of a vehicle, he may also order the driver out of the car.” We hold only that once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment’s proscription of unreasonable searches and seizures.
Id. at 111 n. 6, 98 S.Ct. at 333 n. 6. I am also constrained to disagree with the holding that no detention takes place when a police officer orders a driver to get out of his car. In Justice Stevens’s dissenting opinion in Mimms, he noted that it was undisputed that an order to exit a vehicle constituted a detention:
The Court does not dispute, nor do I, that ordering Mimms out of his car was a seizure. A seizure occurs whenever an “officer, by means of physical force or show of authority, ... in some way restraints] the liberty of a citizen_” Id. [Terry v. Ohio, 392 U.S. 1], at 19 n. 16, 88 S.Ct. [1868], at 1879 n. 16 [20 L.Ed.2d 889]. See also Adams v. Williams, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612.
Id. at 116 n. 2, 98 S.Ct. at 336 n. 2.
In the case at hand, the defendant was legally parked in a residential area in broad daylight, and doing nothing even suggestive of criminal conduct, when he was approached from the rear by the police officer. The police officer’s action and the defendant’s reaction are reflected in the officer’s sworn testimony:
Q. Please describe to the Court the actions that you took when you approached the defendant?
A. Okay, when I pulled up behind him, I guess I surprised him pretty bad....
* * * * * *
Q. So if you approached his car, he would observe and readily recognize that you are a law enforcement officer?
*622 A. Correct.
Q. You directed him to step out of his vehicle, correct?
A. Uh-huh.
Q. And what was the reason for that? A. All of the furtive movements that he was making prior to me getting out of my vehicle.
Q. Okay, was he doing anything illegal stopped there?
A. No.
Q. And so the reason that you detained him further was that he was making some furtive movements?
A. Correct.
Q. You didn’t see exactly what those were?
A. Correct.
This scenario is similar to the one involved in Gano v. State, 599 So.2d 759 (Fla. 2d DCA 1992), wherein the second district held:
We conclude that at the time Sergeant Harris ordered appellant and Kelly to exit appellant’s car, he had insufficient facts upon which to base a founded suspicion that appellant or Kelly were involved in criminal activity. He had only a mere suspicion and that is not enough to support a stop. See State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). As Sergeant Harris approached appellant’s vehicle, he did not ask about weapons, look for weapons, or ever discover weapons. He had driven an unmarked police car to within three feet of appellant’s vehicle, stopped his car with his headlights on and exited his vehicle. As appellant and his passenger looked up at this approaching person, the passenger pushed something beneath his seat. While subsequent events proved appellant and his passenger to be in possession of cocaine, there was nothing prior to their detention to give Sergeant Harris a founded suspicion of criminal activity or a reasonable fear for his safety.
Id. at 760.