ALTENBERND, Judge.
The state appeals an order granting Mr. Boone’s motion to suppress several pieces of crack cocaine which he abandoned while talking to a police officer. We reverse the order, because the police officer’s actions *561 did not transform the encounter into an unlawful stop. State v. Wilson, 566 So.2d 585 (Fla. 2d DCA 1990).
While patrolling a high drug area in Bar-tow, at 9:00 p.m., in a marked police car, an officer noticed Mr. Boone and another man conversing under a tree. The tree was near the edge of the street at an intersection. The* officer recognized both men because he had arrested them in the past and routinely ran outstanding warrant checks on them. As he turned the corner, he thought he saw something in Mr. Boone’s hand.
When the defendant noticed the officer, he quickly put his hand behind his back. The officer stopped his car a few feet from the defendant without turning on his overhead lights or siren. While still in the car, the officer asked the defendant how he was doing. Mr. Boone did not answer, so the officer asked him what he had in his hand behind his back. The defendant said he had nothing in his hand. A few seconds later, however, the officer saw or heard something fall behind the defendant onto the asphalt. The officer shined his flashlight in that direction and saw a Tylenol bottle with several pieces of white substance laying around the bottle. As the officer did this, Mr. Boone ran away.
The officer got out of his car and picked up these items. Because the officer knew the defendant, he did not chase him. A subsequent test established that the white substance was crack cocaine. Thereafter, the defendant was arrested.
At the hearing on the motion to suppress, the trial court was persuaded that an initial consensual encounter in this case was transformed into an illegal seizure of Mr. Boone’s person when the officer asked him what was in his hand. We have previously held that such questions by a police officer without a show of authority do not transform an encounter into a stop. Wilson; State v. Starke, 574 So.2d 1214 (Fla. 2d DCA 1991). Although California v. Hodari D., — U.S. -, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), involved an abandonment of drugs by a defendant after he fled, rather than moments before flight, the Supreme Court’s reasoning in that recent decision seems to make it even more difficult to establish a seizure of the person by a show of authority.
The undisputed evidence at this suppression hearing established an abandonment of drugs during a consensual encounter. Accordingly, the suppression order is reversed and the case is remanded for further proceedings.
RYDER, A.C.J., and SCHOONOVER, J., concur.