638 So.2d 1015 (1994)
STATE of Florida, Appellant,
v.
Lucious MITCHELL, Jr., Appellee.
No. 93-00925.
District Court of Appeal of Florida, Second District.
June 15, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellee.
RYDER, Acting Chief Judge.
The State challenges the trial court's order of suppression. Because we agree with the State that the search of Mitchell's vehicle was proper following his lawful custodial arrest, we reverse.
At the suppression hearing, Deputy Hough testified that he first saw Mitchell's automobile at 3:00 a.m. in a dark area of a closed gas station's parking lot. Ten minutes before, the automobile had not been there. The area had been the target of scores of recent burglaries that primarily occurred between midnight and 6:00 a.m. The gas station itself had been burglarized several times. Deputy Hough had received no reports of ongoing criminal activity. When he first saw the vehicle, there appeared to be no occupant; however, as he pulled into the gas station to perform a vehicle check, his headlights revealed Mitchell inside the parked car. He approached and asked Mitchell what he was doing. Mitchell said he was waiting for a female friend, but he did not know when she would arrive. The deputy thought Mitchell was very evasive.
Deputy Hough requested and Mitchell supplied a Florida identification card. The deputy testified that Mitchell was free to leave. He ran a computer check that disclosed the existence of an outstanding warrant for Mitchell's arrest. Hough returned to the vehicle, explained this development and asked Mitchell to get out of the vehicle. At this point he was not free to leave. As he spoke with Mitchell, he noticed something silver that he could not identify on the floor-board. *1016 He thought Mitchell had been trying to conceal it. Mitchell did not move toward it when asked to exit the car. Once Mitchell exited the car, the deputy patted him down, handcuffed him and placed him in the back seat of the patrol car.
Hough returned to the vehicle's open door and observed what appeared to be a rock cocaine pipe and a small ring baggie between the driver's and the passenger's positions on the front seat. He then searched a plastic bag full of men's clothes which also contained a ring baggie. The silver object was a cocaine pipe. Hough subsequently decided that if Mitchell would sign a waiver slip, he would not impound the car. He moved the car to a lighted area, locked it up and gave Mitchell the keys.
Mitchell's counsel conceded at the suppression hearing that the stop was valid, and that the subsequent request for identification, computer check and arrest were valid. Instead, he challenged the validity of the search and seizure of the vehicle after Mitchell's arrest. On appeal, the appellant also argues that his initial detention was invalid.
The State argues that the stop was a consensual one, and that the subsequent search and seizure was proper because of the valid custodial arrest. The State alternatively contends that the search was justified because the plain view doctrine provided the deputy with probable cause to believe that contraband was in the vehicle.
We agree with the State that the initial encounter was a consensual one. The officer was in a constitutionally permissive area when Mitchell provided identification to the deputy. "There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the street." Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). There exists a distinction between an intrusion by police amounting to a "seizure" of the person and an encounter which intrudes upon no constitutionally protected interest. Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
In deciding whether the initial contact between the officer and Mitchell was consensual, we must determine from the facts whether a reasonable person would have believed he was free to leave. State v. Starke, 574 So.2d 1214 (Fla. 2d DCA 1991); State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). An officer may address questions to anyone on the street, and unless the officer attempts to prevent the citizen from exercising his right to walk away, such questioning will usually constitute a consensual encounter rather than a stop. Starke; State v. Wilson, 566 So.2d 585 (Fla. 2d DCA 1990); Simons.
Here, the deputy was conducting a reasonable inquiry which did not necessitate a founded suspicion. After observing what he first assumed was an unoccupied vehicle, he intended to check the license, but then saw by his headlights that appellant was an occupant. The officer approached the parked car and inquired about Mitchell's business and identity and used his identification card to run a routine check. This encounter involved no seizure of Mitchell, no restraint on his liberty and no restriction of his freedom of movement. The appellant was free to leave. There is no evidence in the record that Mitchell ever sought to leave or otherwise refused to communicate with the deputy or indicated a desire to terminate the encounter.
Thereafter, the deputy's actions were proper. The computer check flowed from the identification, and the arrest followed the discovery of the outstanding warrant. The search was incident and contemporaneous to the arrest. State v. Williams, 516 So.2d 1081 (Fla. 2d DCA 1987). A lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768, rehearing denied, 453 U.S. 950, 102 S.Ct. 26, 69 L.Ed.2d 1036 (1981). The discovery of the cocaine pipes and ring baggie in the front seat provided the deputy with probable cause to search the contents of the bag of clothes. See Belton, 101 S.Ct. at 2864.
*1017 Reversed and remanded for proceedings consistent herewith.
PATTERSON and LAZZARA, JJ., concur.