THREADGILL, Acting Chief Judge.
Leonard Black pleaded nolo contendere to possession of cocaine in violation of section 893.13(6)(a), Florida Statutes (1991), reserving his right to appeal the trial court’s denial of his dispositive motion to suppress. He was sentenced within the guidelines to two and one-half years’ probation. We reverse because the seizure of the cocaine was the product of an illegal stop.
At approximately 8:00 p.m. on February 12, 1993, two uniformed tactical police officers stopped in their unmarked vehicle to talk to the appellant whom they had noticed thirty to forty-five minutes earlier in the same area. One of the officers remained in the vehicle, while the other officer got out, approached the appellant, and identified himself. Upon seeing the officer the appellant *1148 opened his eyes very wide and reached into his right pocket. The officer ordered the appellant to remove his hand. When the appellant ran away instead, the officer gave pursuit and tackled the appellant to the ground within five to ten feet of the initial encounter. As he fell, the appellant’s hands flew up in front of him. When the officer rolled him over, he discovered a gram of cocaine on the ground. The appellant admitted to owning the cocaine.
Neither officer had suspected the appellant of any criminal activity before the encounter and neither had seen a bulge in his clothing to indicate the presence of a weapon. The officers had no reason to stop the appellant and were merely initiating a citizen’s encounter.
The suppression issue is whether the officers had reasonable suspicion to stop the appellant once he put his hand in his pocket, refused to remove it, and fled. The state and defense both concede that it is unclear whether the abandonment of the cocaine was voluntary or involuntary.
We find no reasonable basis for the stop. The First District in Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989) found no grounds for a Terry[1] stop when the defendant did not remove one of his hands from his pocket. The court held that the defendant’s gesture without more did not provide reasonable suspicion to justify a stop even when combined with flight. We reached a similar conclusion in R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983). Officers surrounded the defendant and asked him to remove his hand from his jacket. When he declined to do so and started to walk away, one officer asked him his name and upon recognizing his family name from previous arrests again asked the appellant to remove his hand. When he repeatedly refused, an officer grabbed his arm and pulled it out of his pocket. Two marijuana cigarettes fell out. We held that the defendant’s merely placing his hand in his jacket pocket and walking faster upon seeing the squad car did not give rise to more than a bare suspicion that illegal activity was afoot and thus the stop was unreasonable.
We reverse the conviction in this case for the same reason. The officers admitted that they had suspected no criminal activity until the appellant placed his hand in his pocket and refused to remove it. They saw no bulge that would lead them to suspect a weapon. They did not know what was in the appellant’s pocket when he reached inside it. Unlike State v. Starke, 574 So.2d 1214 (Fla. 2d DCA 1991). there was no testimony here that the officer feared for his safety. Nor had the appellant given the officer any response which would give rise to an inference the appellant had committed, was committing, or was about to commit a crime as in Starke. In State v. Wilson, 566 So.2d 585 (Fla. 2d DCA 1990), another case the state relies upon, answers elicited from the defendant helped establish reasonable suspicion for a temporary stop. Unlike Starke and Wilson, in this case the appellant fled the scene of the encounter before any conversation had taken place. Thus, not only were there no additional grounds to raise alarm for the officers, but the risk of danger posed by the close proximity of a defendant during questioning as in Starke and Wilson was not present in this case.
Reversed.
PATTERSON and FULMER, JJ., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).