707 So.2d 767 (1998)
Ronald COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03879.
District Court of Appeal of Florida, Second District.
January 9, 1998.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Ronald Coleman appeals the trial court's denial of his motion to suppress cocaine evidence allegedly seized as the result of an illegal stop. Because the police could articulate no reasonable and well-founded suspicion of criminal activity by Coleman, the investigatory stop was not justified and the motion to suppress should have been granted. We reverse.
*768 Sergeant Giddens, a Lakeland police officer, observed Coleman in a "high crime" area at 10:45 p.m. on April 18, 1996. Coleman, who had been standing near a black male talking on a pay phone, began to walk away. Giddens followed Coleman in an unmarked police car and asked if he would mind stopping. Coleman responded he did not know who Giddens was and continued to walk away. As Giddens stopped and exited the car, Coleman began to run. Giddens chased and tackled Coleman, handcuffed him, and turned him over. Giddens then found a napkin containing several rocks of cocaine lying beneath Coleman's stomach. At the suppression hearing, Giddens testified he ordered Coleman to stop because he believed Coleman had been loitering and prowling. Giddens also testified he believed Coleman was going to attempt to sell narcotics to the person seen talking on the pay phone.
An investigatory stop implicates an individual's Fourth Amendment rights and requires a well-founded, articulable suspicion of criminal activity. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Popple v. State, 626 So.2d 185, 186 (Fla.1993). Mere suspicion is not enough to support a stop. See Popple, 626 So.2d at 186.
In this case, there was no reasonable suspicion articulated for stopping Coleman. There had been no prior report of a crime and no observation by the police of any crime, transaction, or attempted transaction by Coleman. Although Giddens testified he believed Coleman had been loitering and prowling, the Florida loitering and prowling statute requires "circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." Section 856.021, Florida Statutes (1995). Giddens' suspicion that Coleman might have been participating in a drug transaction was not supported by articulable facts. Standing or walking in a high crime area does not, by itself, create a reasonable concern for the safety of persons or property. See Brown v. State, 636 So.2d 174, 175 (Fla. 2d DCA 1994) (flight at the sight of an officer in a "high drug area" in the early morning hours does not justify an investigatory stop). See also Black v. State, 642 So.2d 1147, 1148 (Fla. 2d DCA 1994) (police officer, with no articulable suspicion of criminal activity, chased and tackled an individual and subsequently discovered cocaine on the ground; the cocaine evidence was suppressed as the product of an illegal stop).
This is not a case where Coleman dropped or abandoned illegal drugs prior to being detained. See, e.g., Perez v. State, 620 So.2d 1256 (Fla.1993) (finding property abandoned during a chase by police is admissible, even if the subsequent search is illegal). Here, as in Black, the cocaine evidence was discovered afterand perhaps as a result ofGiddens tackling Coleman. Because the police could articulate no reasonable suspicion of criminal activity by Coleman, the investigatory stop was unlawful and the cocaine seized should have been suppressed. Accordingly, the trial court erred by denying Coleman's motion to suppress.
Reversed and remanded.
FRANK, A.C.J., and BLUE, J., and DEMERS, DAVID A., Associate Judge, concur.