858 So.2d 1244 (2003)
Tommy Lee SMALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3459.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
*1245 James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Tommy L. Smalls appeals his conviction for possession of cocaine, contending that the court erred when it denied his motion to suppress the cocaine. We affirm.
Officer Chad Ochiuzzo of the Orlando Police Department testified that as he and his partner, Officer Andre Howard, drove down the street, they saw Smalls walking along the sidewalk at the intersection of Jackson and Terry Streets. They parked their vehicle at the curb and walked over to Smalls. Officer Howard asked Smalls if they could talk to him, and he replied, "Yeah, what do you want?" Ochiuzzo asked Smalls for identification, and Smalls handed it to him. Within five to ten seconds, as Ochiuzzo was about to question Smalls, Ochiuzzo saw Smalls using his tongue to manipulate a small, beige, rock-like substance in his mouth; Ochiuzzo thought the object was cocaine. Ochiuzzo grabbed Smalls by the chin and ordered him to spit it out, which he did. The object tested positive for cocaine.
Smalls contends that he was subjected to a Fourth Amendment seizure when the officers approached him. However, "not all personal intercourse between policemen and citizens involves `seizures' of persons." Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). A *1246 "seizure does not occur simply because a police officer approaches an individual and asks a few questions." Id. "So long as a reasonable person would feel free `to disregard the police and go about his business,' California v. Hodari D., 499 U.S. 621, 628, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the encounter is consensual and no reasonable suspicion is required." Id; see also Popple v. State, 626 So.2d 185 (Fla.1993).
A police officer does not violate the Fourth Amendment by merely approaching an individual on the street, by asking him if he is willing to answer some questions, or by questioning him. Bostick, 501 U.S. at 434, 111 S.Ct. 2382. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may it be concluded that a seizure has occurred. Id. (citing Terry v. Ohio, 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). Even when officers have no basis to suspect an individual of a crime, they may ask to examine the individual's identification, as long as they do not convey a message that compliance with their requests is required. Id. at 434-35, 111 S.Ct. 2382. Here, the police exercised no restraint on Smalls by approaching him in a public place and asking to talk to him and to see his identification. They did not activate the lights on the patrol car or approach Smalls aggressively. Accordingly, we conclude that Smalls was not subjected to a Fourth Amendment seizure when the officers approached him, when the officers asked to speak with him, or when the officers asked to see his identification.
Citing Baez v. State, 814 So.2d 1149 (Fla. 4th DCA), rev. granted, 835 So.2d 269 (Fla.2002), Smalls also argues that he was seized when the officer took his identification. In Baez, the Fourth District Court of Appeal held that a consensual encounter became a seizure when the officer retained the defendant's license to call in for a check on outstanding warrants. Baez is not on point because in this case, as the trial court wrote in its order, the officer did not retain the identification. The officer noticed the cocaine only seconds after Smalls handed over his license. Furthermore, we disagreed with Baez in Golphin v. State, 838 So.2d 705 (Fla. 5th DCA 2003), which was issued after the briefs in this case were filed. We emphasized in Golphin that under Bostick, a request by the police to see a citizen's license does not amount to a seizure, and we held that the retention of the license to make a warrants check, in the absence of conduct by the police that causes the encounter to lose its consensual nature, does not amount to a seizure, either. Golphin, 838 So.2d at 707.
Smalls also contends that the officer violated his rights by ordering him to spit out the cocaine. Generally, in order for an officer to direct a person to spit out the contents of his or her mouth, the officer must have probable cause to arrest the person and to conduct a lawful search incident to that arrest. Coney v. State, 820 So.2d 1012 (Fla. 2d DCA 2002) (citing Curtis v. State, 748 So.2d 370, 372 (Fla. 4th DCA 2000)). Here, having observed Smalls with a "small, beige, rock-like substance" in his mouth, the officer had probable cause to believe that the crime of possession of cocaine was being committed in his presence, so the search and seizure were valid. Curtis, 748 So.2d at 375.
AFFIRMED.
ORFINGER and MONACO, JJ., concur.