887 So.2d 402 (2004)
Madison MAYS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4475.
District Court of Appeal of Florida, Second District.
October 8, 2004.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
We affirm the final judgment withholding adjudication and placing Madison Mays on probation for possession of cocaine. We write to certify conflict with the decision of our sister court in Baez v. State, 814 So.2d 1149 (Fla. 4th DCA 2002).
*403 At approximately 2:17 a.m. on April 19, 2003, Mays was walking southbound on a public street when a deputy in a police cruiser drove past him and pulled off to the side of the road without blocking his path. The deputy exited his cruiser, asked Mays how he was doing, and requested identification. Mays produced his driver's license, and the deputy retained the license while he ran a warrants check. When the warrants check revealed an outstanding warrant, the deputy arrested Mays and, pursuant to a search incident to the arrest, discovered cocaine on his person.
Mays entered a no contest plea to possession of cocaine while reserving the right to appeal the denial of his dispositive motion to suppress the cocaine. The trial court withheld adjudication and placed Mays on probation for eighteen months.
The issue reserved for appeal is whether the deputy's retention of Mays' driver's license in order to investigate further by running a check for outstanding warrants constituted an illegal detention that rendered unlawful the search subsequent to Mays' arrest. There is a distinction between an encounter that constitutes a seizure or stop of a person and a consensual encounter that does not intrude on any constitutionally protected interest. Popple v. State, 626 So.2d 185, 186 (Fla.1993). If the encounter constitutes a stop, then the police must have a reasonable suspicion of criminal activity for the encounter to be legal. Lightbourne v. State, 438 So.2d 380, 387 (Fla.1983) (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). However, a consensual encounter is per se legal.
"An officer may address questions to anyone on the street, and unless the officer attempts to prevent the citizen from exercising his right to walk away, such questioning will usually constitute a consensual encounter rather than a stop." State v. Mitchell, 638 So.2d 1015, 1016 (Fla. 2d DCA 1994) (citing State v. Starke, 574 So.2d 1214 (Fla. 2d DCA 1991), State v. Wilson, 566 So.2d 585 (Fla. 2d DCA 1990), and State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989)). In this case, the deputy did not block Mays' path, but he parked his vehicle on the side of the road. The deputy then casually asked Mays how he was doing and requested identification. These actions do not constitute a stop, but reflect the initiation of a consensual encounter.[1]
Although the legality of the initial encounter is clear, there is some dispute among our sister courts regarding whether, under these circumstances, the consensual encounter was transformed into an illegal stop prior to Mays' arrest and search incident to arrest. This court has repeatedly held that an encounter in which a police officer briefly retains a driver's license in order to run a warrants check constitutes a consensual encounter as opposed to a stop. See Watts v. State, 788 So.2d 1040 (Fla. 2d DCA 2001) (en banc); Mitchell, 638 So.2d 1015; McLane v. Rose, 537 So.2d 652 (Fla. 2d DCA 1989).[2] However, in Baez, 814 So.2d 1149, the Fourth District has come to a contrary conclusion. *404 See also Perko v. State, 874 So.2d 666 (Fla. 4th DCA 2004).
In Baez, a police officer approached a defendant who was sleeping in the front seat of a van parked in an industrial area. 814 So.2d at 1150. The officer tapped on the van's window and, when the defendant responded, asked to see identification. The defendant exited the van and provided the officer with his driver's license. The officer then used the driver's license to run a warrants check, which revealed an outstanding arrest warrant. The officer arrested the defendant pursuant to the warrant, and a search of the defendant's van incident to arrest revealed cocaine.
The Fourth District held that the encounter was consensual until the police officer retained the defendant's driver's license in order to run the warrants check. Id. at 1152-53. The court concluded that a reasonable person would not have felt free to leave under the circumstances. Id. at 1153. Therefore, the consensual encounter was transformed into a stop; the stop was illegal because the police officer did not have a reasonable suspicion of criminal activity to support it.
Since Baez was issued, the Fifth District has expressly disagreed with the Fourth District on the issue. See Smalls v. State, 858 So.2d 1244 (Fla. 5th DCA 2003); Golphin v. State, 838 So.2d 705 (Fla. 5th DCA 2003). The Fifth District concluded that "when a citizen voluntarily relinquishes possession of his property to police, reasonably implicit in such consent is that the police will retain the property for the period of time reasonably needed to accomplish the police purpose or until the consent is withdrawn, whichever first occurs." Golphin, 838 So.2d at 707. As noted above, Baez is currently on review before the supreme court. State v. Baez, 835 So.2d 269 (Fla.2002).
We are compelled to uphold the denial of the motion to suppress because the entire encounter was a valid consensual encounter under Watts, Mitchell, and McLane. However, if the supreme court approves Baez, then the consensual encounter in this case could be viewed as one that was transformed into a stop that was illegal because it was done without a reasonable suspicion of criminal activity. Despite the existence of a valid warrant for Mays' arrest, Mays would then be entitled to the suppression of the cocaine because it was discovered as the result of an illegal encounter. See Rollins v. State, 578 So.2d 850, 851 (Fla. 2d DCA 1991); Libby v. State, 561 So.2d 1253 (Fla. 2d DCA 1990); Frierson v. State, 851 So.2d 293, 300 (Fla. 4th DCA 2003); but see State v. Foust, 262 So.2d 686 (Fla. 3d DCA 1972).[3]
Based on our conclusion that the trial court properly denied the motion to suppress, we affirm the final judgment withholding adjudication and placing Mays on probation for possession of cocaine. We certify conflict with Baez.
Affirmed; conflict certified.
ALTENBERND, C.J., and KELLY, J., Concur.
NOTES
[1] We recognize that Mays provided contradictory testimony, but we are required to interpret the evidence and the inferences and deductions that flow from it in the light most favorable to sustaining the court's ruling. See San Martin v. State, 717 So.2d 462, 469 (Fla.1998).
[2] We note that there are instances when a police officer may transform a consensual encounter into a stop by retaining a driver's license in order to unreasonably delay the encounter, but a brief detention that ends when the warrants check is complete is not per se unreasonable.
[3] A conflict on the issue of whether evidence seized incident to an arrest on a valid warrant must be suppressed if the warrant was discovered during an illegal police encounter is currently on review before the supreme court. State v. Frierson, 870 So.2d 823 (Fla.2004). The resolution of this conflict may also impact the disposition of Mays' case.