SHIVERS, Judge.
This consolidated appeal is from an order withholding adjudications of guilt for trespassing, and ordering probation and restitution. We reverse.
On January 23, 1992, Harry Shuler filed a juvenile complaint against B.P. and A.P., ages fourteen and twelve. The complaint alleges the two boys cut down a tree on Shuler’s property to build a tree house and a ‘log pen’. Petitions for trespass on property and criminal mischief were filed against both boys.
At the May 21, 1992, hearing, Shuler testified he raises timber on 45 acres, where he lives some of the time. On January 23, 1992, Shuler heard chopping on his property and went toward the noise. He came upon B.P. and A.P., who were chopping blocks off a felled pine tree. Shuler recognized the boys as his neighbors. They were approximately 100 feet within Shuler’s property. The boys told Shuler Mr. Carter had given them permission to cut all the trees they wanted on his (Mr. Carter’s) property. Mr. Carter had sold the boys’ parents their adjacent property. Shuler said there is a fence around his entire property, as well as ‘no trespassing’ signs. Shuler testified the signs state, “Posted. No trespassing. Violators will be prosecuted by law.”
Nora Shuler (Mrs. Harry Shuler) testified she had not told the boys to stay off her property, but she had told their stepmother to keep them off. State rested.
Defense counsel moved for a judgment of acquittal on the ground any mischief or trespass was not willful. The motion was denied on the ground that posted ‘no trespassing’ signs create a prima facie case of trespassing. Defense counsel renewed his motion at the conclusion of the case.
*626 The boys’ stepmother testified she was not sure where Shuler’s property line was; there was only part of a worn out fence and no signs. There is a fence which runs along both Shuler’s and Carter’s property. The stepmother said the boys must have crossed the wrong fence. After the incident on January 23, Mr. Carter showed her the property line. She said the boys did not know they were on Shuler’s property, and they were just trying to help out by collecting firewood.
B.P. testified he cut the tree for firewood, but he did not mean to do any damage. He related that he crossed a fence to get to the tree, but he said there were no signs. B.P. said Carter had told him he could cut trees, and B.P. thought he was cutting one of the trees on Carter’s property.
A.P. testified he cut the tree for firewood, but he thought he was on Mr. Carter’s property. He said he did not intend to go onto Mr. Shuler’s property and that Mr. Carter told A.P. he could cut trees on his property. A.P. said he did not mean to do any damage. A.P. stated that he crossed a fence to get onto Shuler’s property, but that he thought it was the fence bordering Carter’s property.
THe^trial court found B.P. and A.P. trespassed, but were not guilty of criminal mischief. Adjudication was withheld, and -probation and restitution were ordered. We reverse.
Section 810.09(1), Florida Statutes (1991), provides,
Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011, commits the offense of trespass on property other than a structure or conveyance.
Section 810.12(1), Florida Statutes (1991), states, “The unauthorized entry by any person into or upon any enclosed and posted land shall be prima facie evidence of the intention of such person to commit an act of trespass.” “ ‘Posted land’ is that land upon which signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently ... the words ‘no trespassing’ and in addition thereto the name of the owner, lessee, or occupant of said land.” Section 810.-011(5)(a), Florida Statutes (1991)
The trial court ruled that a prima facie case of trespass was presented because the land was posted. The motion for judgment of acquittal was thus denied. However, there was no evidence that the ‘no trespassing’ signs contained Shuler’s name. Therefore, the motion for judgment of acquittal was improperly denied because the evidence did not show that the land was properly posted.
Further, State presented no evidence inconsistent with Appellants’ reasonable hypothesis of innocence, which is ‘mistake’. There were two fences — Shuler’s and Carter’s. The fences apparently ran together; they met at some point. The boys had permission to enter Carter’s property, and their defense is that they thought they were on Carter’s property. In addition to there being no evidence Shuler’s land was properly posted, there was also no evidence inconsistent with the theory that the boys made an innocent mistake. See J.L. v. State, 566 So.2d 1383 (Fla. 1st DCA 1990) (juvenile could not be found guilty of theft if she used property under the honest but mistaken belief that the owner had given permission; there is no unlawful intent); see also, State v. Law, 559 So.2d 187 (Fla.1989) (“Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” Id. at 188.). Accordingly, we reverse.
REVERSED.
SMITH and KAHN, JJ., concur.