778 So.2d 329 (2000)
Reginald L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4273.
District Court of Appeal of Florida, Second District.
December 29, 2000.
James Marion Moorman, Public Defender, and Richard P. Albertine, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Reginald Smith's arrest for trespassing on property other than a structure or conveyance[1] led to the discovery that he possessed drugs, for which he was also charged. He moved to suppress the drugs on the ground that his arrest for trespass was illegal. The circuit court denied his motion. Smith then pleaded no contest, reserving the right to appeal his dispositive motion. We reverse.
As two St. Petersburg police officers were watching a twenty-four-hour-a-day convenience store from across the street, they observed Smith walking around the parking lot. Over a ten-minute period, they saw Smith talking to patrons at the gas pumps, to people using the pay telephone *330 and to others in the parking lot. The officers drove over to the store. As soon as Smith saw them approaching in their police cruiser, he went inside. The officers followed him in, brought him back outside to the parking lot and arrested him for trespass. The drugs were discovered in a search incident to arrest.
A law enforcement officer may not make a warrantless arrest for a misdemeanor, such as this trespass, unless every element of the crime is committed in his presence. See § 901.15(1), Fla. Stat. (1997); Carter v. State, 516 So.2d 312 (Fla. 3d DCA 1987). In A.L. v. State, 675 So.2d 703, 704 (Fla. 3d DCA 1996), the court listed four elements that must be satisfied to establish the crime of trespass under section 810.09, Florida Statutes:
1) wilfully entering upon or remaining in any property; 2) other than a structure or a conveyance; 3) without being authorized, licensed or invited; 4) where notice against entering or remaining is given either by actual communication to the offender or by posting, fencing or cultivation.
To determine if Smith committed trespass in the officers' presence, we focus on the last two elements of the crime: whether Smith was on the property without being invited and whether he had notice against entering or remaining. The convenience store was privately owned, but operated for monetary gain and open to the public. In Corn v. State, 332 So.2d 4, 8 (Fla.1976), the court characterized such property as "quasi-public" and noted that "in a sense an invitation is extended to the public to shop...." Thus, it would appear that Smith had been impliedly invited on the property, and that the third element of the crime was not satisfied.
But the owner of quasi-public property can limit or revoke the invitation to come on his land. See id. This is where the fourth element of trespass comes into playwhether Smith had notice against entering or remaining on the property. The store's owner testified that if a person were loitering around the store for ten minutes store employees would ask him to leave and, if he declined, they would call the police. The owner had signed a blanket authorization for the police to issue trespass warnings at his property. He understood that the police could ask a person to leave and arrest him if he refused. But the owner didn't even know Smith. No evidence was presented that anyoneowner, employee or police officer had ever asked Smith to leave the store's premises, either before or during the incident in question.
The State argues that although no one actually communicated notice to Smith to leave the store, the officers still could arrest him because the property was "posted" against trespassing, and thus Smith had notice against remaining on the premises. Section 810.011, Florida Statutes (1997), contains the following relevant definition:
(5)(a) "Posted land" is that land upon which signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than 2 inches in height, the words "no trespassing" and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside the boundary line.
Here, the evidence showed that a "no trespassing" sign was affixed to the convenience store itself. No evidence established that the parking lot was posted as required by the statute; that is, with signs along the lot's boundaries in letters two inches high or more. The sign on the store was not statutory notice to Smith.
Moreover, we question whether posting would ever be an effective way to withdraw an invitation to enter the quasi-public parking lot of an open business. In *331 the context of trespass in a structure or a conveyance, a person who has been invited on the premises may be warned to depart. If he refuses to do so, he commits the crime. See § 810.08, Fla. Stat. (1997). That section would appear to require "actual communication" of the revoked invitation. See Corn, 332 So.2d at 8 (interpreting predecessor statute and noting that it could cover the situation where someone is causing a disturbance in a mall lobby and is asked to leave). Unlike section 810.08, section 810.09 does not specifically address the revocation of an invitation. But in cases we have discovered involving trespass in quasi-public business parking lots, the property owners or the police actually told the interlopers they were unwelcome. See State v. M.A.D., 721 So.2d 412 (Fla. 3d DCA 1998) (stating that suspect had been warned by supermarket employees and the police not to "hang out" in front of the store); Melton v. State, 546 So.2d 444 (Fla. 1st DCA 1989) (explaining that bar manager had banned the customer from the premises and told the police he was having a problem with him); R.C.W. v. State, 507 So.2d 700 (Fla. 1st DCA 1987) (commenting that the defendant, who was arrested for trespassing in a mall parking lot had been given a written trespass warning not to come back to the mall).
Posting is a valid device for preventing the uninvited from trespassing on private property, including the parking lot of a closed business. But when an invitation has been extended to enter an open business, we believe actual communication is necessary to put a person on notice that he is no longer welcome on the property and may be arrested for trespass. If a store window contains an "open" for business sign but its parking lot is posted against trespassing, everyone who enters the lot on his way to the store risks arrest for trespass. Certainly the proprietor would never envision this result. If only some customers are deemed to have notice from the posting and are arrested, while others are not, questions of selective enforcement arise. See Downer v. State, 375 So.2d 840, 845 (Fla.1979) (implying that if trespasser could present evidence that others disregarded sign but were not arrested, selective enforcement could be an issue), habeas corpus granted by Cohen v. Katsaris, 530 F.Supp. 1092 (N.D.Fla.1982).
The evidence in this case shows that Smith did not commit a crime in the officers' presence. He had been invited on the "quasi-public" property and had no notice that he was not permitted to remain. The arrest for trespassing was illegal and the drugs discovered in the search incident to that arrest must be suppressed as the fruits of the illegality. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We reverse and remand with directions to discharge Smith.
PATTERSON, C.J., and THREADGILL, J., Concur.
NOTES
[1] § 810.09, Fla. Stat. (1997).