GROSS, J.
Appellant, Johnnie Pierce Wright, timely appeals his convictions and sentences under his no contest plea specifically reserving the right to appeal the trial court’s denial of his motion to suppress, which was dispositive of the case. See Fla. R.App. P. 9.140 (b) (2) (A) (i).
At about 9:30 a.m. on March 6, 2000, Officer Peter Zavickas of the Fort Pierce Police Department was parked in an alleyway observing two residences, 314 and 316 North 17th Street. Residents of the area had complained about drug dealers frequenting the area and trespassing on the property. The tenant of 316 had given the police a list of her family and other persons who were allowed on her property. No similar list of authorized persons was provided by the residents of 314.
The residence at 316 had a “No Trespassing” sign posted on the south side of the building. The sign at 314 was posted on the front of the structure. The signs were approximately eighteen to twenty-four inches by thirty-six inches. Neither sign was visible from the rear of the buildings.
Zavickas saw appellant “at the rear of 314 and 316,” walking between the two residences, but never approaching the door of either. As the officer approached, appellant went to the rear of the house. The officer followed appellant to the rear of the property. He observed appellant putting something “fairly small” down his pants. The officer could not see what it was. He was not “really concerned” that it was a weapon. His first thought was that it might be drugs.
As Zavickas approached, appellant looked up. The officer asked why appellant was there; he replied that he was there to visit “Jeff.” No one named “Jeff’ appeared on the list of authorized persons provided by the one tenant. Zavickas told appellant that no one named “Jeff’ lived there. Appellant offered no other explanation for being on the property.
The officer arrested appellant for trespassing, searched him, and found a glass pipe down the front of his pants and crack cocaine in his left front pocket.
The issue in this case is whether the officer had probable cause to arrest appellant for trespassing before searching him incident to the arrest.
The trespass statute provides:
(l)(a) A person who, without being authorized, licensed, or invited, willfully *1266 enters upon or remains in any property other than a structure or conveyance:
1. As to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011; or
2. If the property is the unenclosed curtilage of a dwelling and the offender enters or remains with the intent to commit an offense thereon, other than the offense of trespass, commits the offense of trespass on property other than a structure or conveyance.
(b) As used in this section, the term “unenclosed curtilage” means the unenclosed land or grounds, and any outbuildings, that are directly and intimately adjacent to and connected with the dwelling and necessary, convenient, and habitually used in connection with that dwelling.
§ 810.09(l)(a),(b), Fla. Stat. (2000).
This was not a case where there was “actual communication to the offender” about not entering or remaining on the property within the meaning of section 810.09(l)(a)l. The property was not “posted land” as defined by section 810.011(5)(a), Florida Statutes (2000).[1] Assuming that appellant was on “unenclosed curtilage” as provided in section 810.09(l)(a)2., his act of putting something down his pants did not give rise to probable cause to believe that he had an intent to commit an offense on the property. Appellant’s conduct did not give rise to probable cause to arrest for trespassing.[2] The evidence seized incident to the unlawful arrest should have been suppressed. See, e.g., Wong Sun v. U.S., 371 U.S. 471, 487-88, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
REVERSED.
POLEN, C.J., and DELL, J., concur.

. Section 810.011 (5)(a), Florida Statutes (2000) provides:
"Posted land” is that land upon which signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than 2 inches in height, the words "no trespassing” and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside the boundary line.

. We do not reach the issues of whether the police could have stopped appellant for the purpose of issuing him a trespassing warning or whether the identification of the property as a drug area coupled with the property owner's complaint gave rise to a reasonable suspicion to support an investigatory stop. Compare State v. Dilyerd, 467 So.2d 301, 304 (Fla.1985); Flowers v. State, 755 So.2d 708 (Fla. 4th DCA 1999); State v. Pye, 551 So.2d 1237, 1239 (Fla. 1st DCA 1989) with Slydell v. State, 792 So.2d 667 (Fla. 4th DCA 2001).