813 So.2d 1044 (2002)
Michael Doreen BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1691.
District Court of Appeal of Florida, Fourth District.
April 17, 2002.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
*1045 FARMER, J.
The defendant pled no contest to the crimes of possession of cannabis less than 20 grams and possession of cocaine, reserving his right to appeal the trial court's ruling on his motion to suppress, which the state admits is dispositive to its case. We reverse the trial court's ruling and remand with instructions to vacate the conviction.
Officer Savickus noticed the defendant standing with another male in the front yard of a residential duplex, street number 602. The officer did not recognize the defendant as "somebody who hangs in this area." The owner of the duplex, also the owner of the two neighboring duplexes, street numbers 604 and 606, had authorized the police to arrest trespassers and had posted a "no trespassing" sign on the lawn of the middle duplex, unit 604. As Savickus drove his police car by, the defendant and the other male "seemed nervous," broke apart, and walked away. When Savickus approached the defendant, who had now left the property, and asked what he had been doing on the property, the defendant explained that he had stopped on the property to fix the button of his pants. Defendant stated that neither he nor the other male lived in the duplex residence and he did not know the people who lived at the property. With this information, Savickus arrested the defendant for trespassing. Savickus found cocaine and marijuana in the defendant's pocket. The trial court denied the defendant's motion to suppress, ruling that there was probable cause to arrest the defendant for trespassing and, thus, the search incident to the arrest legal.
The trespass statute provides,
(1)(a) A person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance:
1. As to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011; or
2. If the property is the unenclosed curtilage of a dwelling and the offender enters or remains with the intent to commit an offense thereon, other than the offense of trespass,
commits the offense of trespass on property other than a structure or conveyance.
§ 810.09, Fla. Stat. (2000). The state did not present evidence proving that officer Savickus had probable cause to believe the defendant was committing a trespass pursuant to (1)(a)1. because there was no evidence that the defendant received an actual communication to not enter or remain on the property. Savickus admitted he had never given the defendant a trespass warning before. The residence was also not posted, fenced, or cultivated land as defined by section 810.011.[1]See, e.g., Smith v. State, 778 So.2d 329, 330 (Fla. 2d DCA 2000) (holding that convenience store was not "posted land" as defined by statute because "no trespassing" sign was attached to building rather than being posted along the lot's boundaries); In the Interest of B.P., 610 So.2d 625, 626 (Fla. *1046 1st DCA 1993)(holding that state did not prove that land was "posted land" as it presented no proof that owner's name appeared on "no trespassing" sign).
The state also did not satisfy (1)(a)2. Viewing the evidence of this case in a light most favorable to sustaining the trial court's ruling, see Wilson v. State, 734 So.2d 1107, 1109 (Fla. 4th DCA), review denied, 749 So.2d 504 (Fla.1999), a reasonable officer could not have believed, based on the totality of the circumstances, that an offense, other than trespass, was being committed simply by the defendant standing with another male in the front yard of the residential duplex. The state concedes as such in its brief. When Savickus drove the police car by, the defendant and the male "seemed nervous," broke apart, and walked away, but "flight alone will not provide probable cause." State v. Cote, 547 So.2d 993, 994 n. 1 (Fla. 4th DCA 1989); see also Blanding v. State, 446 So.2d 1135, 1137 (Fla. 3d DCA 1984)(explaining that the flight of a person from the presence of police is not standing alone sufficient to establish probable cause, but if there already exists a significant degree of suspicion concerning a particular person, the flight of that individual upon the approach of the police may be taken into account and may well elevate the preexisting suspicion up to the requisite Fourth Amendment level of probable cause). Thus, as the defendant's conduct did not give rise to probable cause to arrest him for trespassing, the drugs found, incident to the unlawful arrest, should have been suppressed. See Wright v. State, 792 So.2d 1264, 1266 (Fla. 4th DCA 2001); see also Slydell v. State, 792 So.2d 667, 670-71 (Fla. 4th DCA 2001)(holding that officer did not have well-founded suspicion that defendant was committing a trespass to justify stopping and detaining him simply because officer did not recognize defendant, the landlord had given the police authority to issue trespass warnings, and the defendant upon seeing the officer turned to walk the other way).
KLEIN and MAY, JJ., concur.
NOTES
[1] The State presented no evidence that the duplexes were "enclosed by a fence of substantial construction." Neither was the land "cleared of its natural vegetation and is presently planted with a crop, orchard, grove, pasture, or trees or is fallow land as part of a crop rotation." Lastly, the land was not "posted land" because "no trespassing" signs were not placed at each corner of the boundary of the land, along the boundary line, and in a manner and in such position as to be clearly noticeable from outside the boundary line.