MAY, J.
The defendant appeals his conviction and sentence for possession of cocaine with intent to sell within 1000 feet of a school. After the denial of his motion to suppress, *1013 the defendant entered a no contest plea reserving his right to appeal. He argues the trial court erred in denying his motion to suppress. We disagree and affirm.
The owner of a convenience store contacted the City of West Palm Beach to participate in a program to control the social environment surrounding his store. The City provided the store owner with two “No Trespassing” signs and advised him where to place them. He was also told not to permit people to congregate on the corner of his property.
Pursuant to the City’s instructions, the store owner asked people not to congregate in the parking lot. He placed one of the “No Trespassing” signs on the side of his building, but did not post one in the back parking lot. That lot did not provide access to the business, but did provide access to an upstairs apartment.
On the night of the defendant’s arrest, the store owner held a cook-out in front of the store. He saw the defendant, who he recognized as an occasional patron, and asked him not to stand on the corner. He did not tell the defendant not to loiter in the back parking lot on that day.
Due to complaints of drug activity in the area, a West Palm Beach police officer sat in an unmarked car down the street from the convenience store. For forty-five minutes, he observed the defendant and another man loitering in the convenience store’s back parking lot. He then watched as the defendant approached the passenger side of a car that had stopped in the street next to the parking lot. He saw the defendant give a small object, which he believed to be drugs, to the car’s occupant in exchange for what appeared to be currency. After the transaction, the defendant returned to the back parking lot. The officer then contacted his back-up marked police unit.
Two officers responded to the call. One of them saw the defendant and another man in the back parking lot as described. He approached the defendant and asked him if he lived in the apartment, was visiting there, or had been shopping at the store. The defendant gave a negative response. The officer then asked the defendant if he had seen the “No Trespassing” sign posted on the side of the building, to which the defendant responded affirmatively.
The officer arrested the defendant for trespassing and searched him incident to that arrest. He found and seized two semi-clear baggies containing cocaine. The State charged the defendant with one count of possession of cocaine with intent to sell within 1000 feet of a school.[1]
The defendant filed a motion to suppress and argued that law enforcement lacked probable cause for the trespass arrest. The trial court denied the motion in a written order concluding “the police had reasonable grounds to believe [the defendant] had sold drugs based on the facts and circumstances of this case. Moreover, there was probable cause based on the evidence to arrest Mr. Powell for trespass. At this motion the State does not have to win the case for trespass but simply establish a reasonable basis for a belief that the crime had been committed.” The defendant changed his plea and reserved his right to appeal the denial of his motion to suppress..
Orders on motions to suppress present this court with mixed questions of law and fact. Connor v. State, 803 So.2d 598, 605 (Fla.2001) (quoting Murray v. State, 692 So.2d 157, 159 (Fla.1997)). This requires us to apply a two-tiered standard of review. Factual findings are clothed *1014 with a presumption of correctness and are accepted as true if supported by competent, substantial evidence. Id.; Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000) (en banc). Legal issues are reviewed de novo. Connor, 803 So.2d at 605.
In this case, the defendant was arrested for trespass, a first degree misdemeanor. Law enforcement officers are authorized to make a warrantless arrest for a misdemeanor when it is committed in their presence. § 901.15(1), Fla. Stat. (2004).
The defendant argues that the State lacked probable cause to arrest him for trespass because it failed to show that he was advised that he could not enter or remain on the property. He relies on Smith v. State, 778 So.2d 329 (Fla. 2d DCA 2000), to support his position. The facts of that case, however, belie his argument.
In Smith, the defendant was a stranger to the convenience store. According to store policy, employees would ask loiterers to leave the area after ten minutes. If the person failed to leave, the employees would summon law enforcement. The store owner had authorized law enforcement to issue trespass warnings.
Law enforcement observed the defendant in the parking lot approaching individuals for ten minutes. Law enforcement arrested Smith for trespass. Drugs were discovered during a search incident to arrest. Smith argued the drugs should be suppressed because law enforcement lacked probable cause to arrest him for trespass because he was not advised that he could not remain on the property. The trial court denied Smith’s motion to suppress. The Second District reversed. The court held that Smith did not have notice of being at risk of arrest for trespass. Id. at 329-31.
Here, however, the facts are much different. The store owner “asked everybody in the back of the building to stay from back there.” On the evening of the defendant’s arrest, the store owner specifically told the defendant not to stand on the corner because law enforcement had asked the store owner to “maintain social control” of the property. And, the defendant admitted to having seen the “No Trespass” sign and was not on the property to use the store.
This defendant knew he was not permitted to be on the property by actual notice provided by the store owner and by the “No Trespass” sign. The defendant admitted knowledge of the sign. He had been observed on the premises for a significant period of time by law enforcement. In fact, one officer had observed the defendant participate in what appeared to be a drug transaction and then return to the back parking lot. These facts provided probable cause for law enforcement to arrest the defendant for trespass. The trial court properly denied the motion to suppress.

Affirmed.

FARMER and KLEIN, JJ., concur.

. The store is 569 feet away from a public middle school.