IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

C.B.S., a child,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3530

Opinion filed February 2, 2016.

An appeal from the Circuit Court for Nassau County.
Adrian G. Soud, Judge.

Nancy A. Daniels, Public Defender, Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Jillian H. Reding, Assistant Attorney General, Trisha Meggs Pate, Tallahassee Bureau Chief, Criminal Appeals, Tallahassee, for Appellee.

THOMAS, J.

Appellant C.B.S. appeals the trial court's order denying her motion for judgment of acquittal. Appellant was charged with the crime of trespass on property other than a structure or conveyance. At the hearing, Appellant moved for judgment of acquittal at the close of the State's evidence on the grounds that

the State failed to establish she had notice not to enter the property. The State responded that Appellant had constructive notice not to enter due to the fencing of the property and the posted and visible "no trespassing" signs. The trial court agreed with the State and denied Appellant's motion. We must respectfully disagree. We conclude that the evidence failed to establish that Appellant had notice not to enter the property, and accordingly reverse.

On May 24, 2015, Appellant and nine other individuals were discovered on property owned by Belle River Timber in Nassau County. They were apprehended by Lt. Anthony Wright with the Florida Fish and Wildlife Commission, who issued Appellant a citation for trespassing.

At Appellant's hearing, the State offered into evidence two photographs and the testimony of Lt. Wright. Lt. Wright testified that Appellant and the other trespassers entered the property at an overgrown section of the property's tree line where there was no fence. One of the State's photographs showed the entrance road formed by the trespassers – run-over brush and a marshy area to the right of the entrance road. Lt. Wright testified that the entrance road itself was natural land and was not built up by the trespassers. The second photograph showed a barbed wire fence with a "no trespassing" sign posted near the place where the trespassers entered the property. While Lt. Wright knew that two such signs were visibly posted in the area where the trespassers entered the property, he did not know how

2

many "no trespassing" signs in total were posted on the property. Lt. Wright also admitted he had never before seen Appellant on the property, and he never verbally warned her that she could not be on the property.

The standard of review for denial of a motion for judgment of acquittal is de novo. Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). When reviewing a motion for judgment of acquittal, the evidence is viewed in the light most favorable to the State. Jones v. State, 790 So. 2d 1194, 1197 (Fla. 1st DCA 2001). The purpose of a judgment of acquittal is to test the sufficiency of the State's evidence. Id. An appellate court will not reverse a conviction if it is supported by competent, substantial evidence. Pagan, 830 So. 2d at 803. However, if the State fails to present sufficient evidence to establish a prima facie case of the crime charged, then dismissal is proper. E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003).

Here, Appellant was charged with the crime of trespass on property other than a structure or conveyance. § 810.09, Fla. Stat. (2015). To establish its prima facie case, the State needed to introduce evidence supporting every element of the charged crime. The parties agree that the only element at issue is whether Appellant had notice not to enter the property. The notice required by the statute can be accomplished in various ways, including through actual communication or through constructive notice by posting or fencing, as defined by section 810.011.

3

To achieve notice through actual communication, section 810.09 requires that notice against entering or remaining be actually communicated to the offender. Florida courts have interpreted this requirement to necessitate that the trespasser receive an oral warning. See Pointec v. State, 614 So. 2d 570, 573 (Fla. 5th DCA 1993). There is no evidence that Appellant was warned against entering or remaining on the property by actual communication, as Lt. Wright testified he had never before seen Appellant on the property, and he had never verbally warned her to stay off the property.

If there is no actual communication of notice, constructive notice can be accomplished by posting or fencing. Section 810.011 details the requirements that must be met for the property to be considered posted or fenced for the purpose of providing notice not to enter. Strict compliance with the statutory requirements is necessary. V.B. v. State, 959 So. 2d 1252, 1254 (Fla. 3d DCA 2007).

> Under the statute, property is considered fenced if
>
> [the] land . . . has been enclosed by a fence of substantial construction, whether with rails, logs, post and railing, iron, steel, barbed wire, other wire, or other material, which stands at least 3 feet in height. For the purpose of this chapter, it shall not be necessary to fence any boundary or part of a boundary of any land which is formed by water.

§ 810.011(7), Fla. Stat. (2015). Here, it is clear that the property is not enclosed by a fence because Appellant entered onto the property in a place where there was no fence. While the statute makes it unnecessary to fence boundaries formed by

water, the record indicates that a marshy area was on only one side of the entrance road created by the trespassers, and that the entrance road itself was natural land. Therefore, the property does not meet the legal definition of fenced land provided in section 810.011(7).

The property also does not meet the legal definition of posted land. For property to be posted in a way that would provide trespassers constructive notice, the posting must meet the following requirements:

> Signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than 2 inches in height, the words "no trespassing" and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside the boundary line[.]

§ 810.011(5)(a)1., Fla. Stat. (2015). The case law is rife with examples of courts requiring strict compliance with section 810.011(5)(a)1. See In Interest of B.P., 610 So. 2d 625, 626 (Fla. 1st DCA 1992) (holding judgment of acquittal improperly denied because there was no evidence the posted signs contained the property owner's name); Baker v. State, 813 So. 2d 1044, 1045 (Fla. 4th DCA 2002) (holding property was not posted in accordance with the statute because there was only one "no trespassing" sign in the lawn of the middle duplex); Smith v. State, 778 So. 2d 329, 330 (Fla. 2d DCA 2000) (holding that a convenience store was not posted because the sign was attached to the building rather than the lot's

5

boundaries). Here, there is no evidence in the record that the "no trespassing" signs were placed 500 feet apart along the boundary and at each corner of the property. Lt. Wright's testimony and the State's photographs showed that there were two signs posted near the area where the trespassers entered; however, Lt. Wright admitted to not knowing how many signs were on the property, and there is no evidence establishing that there were signs posted at the corners of the property. This alone demonstrates that the State failed to present evidence that the property was posted in accordance with the statute.

The State argues that the posting of the property also complies with a different section of 810.011, which allows property owners to paint notice on trees or posts. The State asserts that with painted notice, signs are only required where entry onto the property is expected or known to occur. This argument is without merit. Not only is there no evidence in the record that notice was painted on the property's trees or posts, but also the portion of the statute the State relies on requires that painted notice "shall be accompanied by signs complying with subparagraph 1" of the statute (i.e., posted 500 feet apart, at each corner, etc.). § 810.011(5)(a)2.b., Fla. Stat. (2015).

Appellant's motion for judgment of acquittal was improperly denied because the evidence failed to show that Appellant had actual or constructive notice not to

6

enter the property. Accordingly, we reverse and remand for entry of an order granting Appellant's motion for judgment of acquittal.

REVERSED and REMANDED.

ROBERTS, C.J., and WOLF, J., CONCUR.