SHAHOOD, C.J.
P.W. appeals from a final order imposing judgment of delinquency and sentence, contending that the trial court erred in denying his motion to suppress marijuana seized from his person. We affirm.
Midmorning, a police officer was on road patrol when he observed P.W., a fourteen-year-old, walking down a sidewalk carrying a white bag. As the officer drove by in a marked police car, he noticed P.W. looking at him and would turn his head to see where he went. The officer turned around and pulled up next to P.W. As P.W. passed the police car, the officer asked to speak with him. P.W. walked over to the driver’s side window visibly upset and sweating. The officer thought appellant looked nervous, and asked P.W. what he was doing in the area and P.W. said that he was going to catch a bus. As the officer exited his police car he asked P.W. if he could pat him down. P.W. replied, “Don’t have to worry. I don’t have a gun. Do not have a gun, but I have weed on me.” At that point, the officer arrested P.W.
On cross-examination, the officer testified that there were numerous burglaries committed in the area by persons of similar sex and race as P.W.
Appellant argued that he was unlawfully stopped and seized because the officer’s show of authority made him feel that he was not free to leave. The trial court denied the motion to suppress, finding that it was a consensual encounter. *1199 Towner v. State, 713 So.2d 1030, 1031 (Fla. 5th DCA 1998) (“The determination of whether the consent to search is voluntary is a question for the trial judge and should not be disturbed on appeal unless the determination is clearly erroneous.”).
There are three levels of encounters that law enforcement may have with citizens: 1) consensual encounters, during which the citizen remains free to leave at will, where a citizen may either voluntarily comply with a police officer’s request or simply choose to ignore it; 2) an investigatory stop based on reasonable suspicion; and 3) an arrest supported by probable cause that a crime has been or is being committed. Johnson v. State, 785 So.2d 1224 (Fla. 4th DCA 2001) (citing Popple v. State, 626 So.2d 185 (Fla.1993)).
The first level involves only minimal police contact. As described in Pop-ple, “During a consensual encounter a citizen may either voluntarily comply with a police officer’s requests or choose to ignore them. Because the citizen is free to leave during a consensual encounter, constitutional safeguards are not invoked.” 626 So.2d at 186. “The inquiry for determining when an encounter with the police should properly be deemed a seizure is centered around whether a reasonable person would feel free ‘to disregard the police and go about his business.’ ” O.A. v. State, 754 So.2d 717, 720 (Fla. 4th DCA 1-998)(quoting California v. Hodari D., 499 U.S. 621, 628, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)). This depends upon “the totality of circumstances.” Id. Some factors to consider that would indicate a seizure would be the “threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer’s request might be compelled.” United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). A seizure occurs when a person submits to an officer’s show of authority. California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).
Here, the officer drove up beside P.W. in a marked car and asked to speak with him. Holden v. State, 877 So.2d 800, 802 (Fla. 5th DCA 2004); Popple, 626 So.2d at 187 (“[A]n officer does not need to have a founded suspicion to approach an individur al to ask questions.”). P.W. then walked over to the car and appeared upset and was sweating. The officer asked what P.W. was doing in the area and P.W. responded that he was going to catch a bus. At this point, the officer exited his police car and asked appellant if he could pat him down.
Based on the record before us we conclude that the encounter between the officer and appellant was a consensual encounter and did not change into an investigatory stop upon the officer asking P.W. for consent to conduct a pat down. “An officer need not have a reasonable suspicion of criminal activity before seeking consent to search.” State v. Witherspoon, 924 So.2d 868, 871 (Fla. 2d DCA 2006); Blake v. State, 939 So.2d 192, 195 (Fla. 5th DCA 2006) (“Officers may during consensual encounters ask for names and addresses, inquire about the defendant’s business, or request a consent to search.”); Florida v. Bostick, 501 U.S. 429, 434-35, 111 S.Ct. 2382, 115 L.Ed.2d 389 (Fla.1991) (“We have stated that even when officers have no basis for suspecting a particular individual, they may ... request consent to search ... as long as the police do not convey a message that compliance with their requests is required.”). There is no evidence that the officer threatened, coerced, or compelled P.W. into consenting to the search. On cross-examination, P.W. *1200 admitted that the officer asked for consent to pat him down.
We therefore hold that there was sufficient evidence to support the ruling of the trial court in denying the motion to suppress.

Affirmed.

WARNER and STEVENSON, JJ„ concur.