EVANDER, J.
Ward appeals his judgment and sentence for possession of a firearm while engaged in a criminal offense,[1] possession of cocaine with intent to sell or deliver,[2] and providing a false name to a law enforcement officer.[3] He entered a guilty plea to these three charges, reserving the right to appeal the denial of his dispositive motion to suppress. The firearm and cocaine were found on Ward’s person after his arrest on the providing a false name offense. He contends that his arrest was illegal because he was not lawfully detained at the time he gave a false name. We disagree and, accordingly, affirm Ward’s convictions.
At approximately 2:30 a.m. on September 13, 2007, Ocala police officers Sirolli and Smith were on foot patrol in the multi-building Ocala Place Apartments complex when they observed Ward walk through a fence opening onto the complex’s common grounds. The Ocala Police Department had a written agreement with the apartment complex owner authorizing officers to patrol the property grounds and enforce trespass laws. The complex had large, “no trespassing” signs posted on multiple sides of every building. Officer Sirolli testified that the signs were at eye level, in well-lit areas, cited to Florida’s trespass statute, and referenced that Ocala Police Department officers were authorized representatives for the apartment complex owner. According to Officer Sirolli, one such sign would have been readily visible to Ward at the time he entered upon the apartment complex property.
The officers approached Ward and asked him if he was a resident of the complex. Ward responded “no” and stated that he was just “cutting through.” Officer Sirolli then asked Ward for his name for the purpose of issuing a trespass warning. Ward identified himself as “Jim-ball Covington.” However, when asked to spell the name, Ward gave at least two different spellings. After a computer check indicated that the name was “invalid,” Ward was placed under arrest for giving Officer Sirolli a false name. A search incident to arrest resulted in the discovery on Ward’s person of a pistol and 44 pieces of crack cocaine.
It is a misdemeanor for an individual who has been arrested or lawfully detained *899 to falsely identify himself to a law enforcement officer. See § 901.36(1), Fla. Stat. (2007).[4] In this ease, it is undisputed that Ward provided the officers with a false name prior to his arrest. Thus, the only issue is whether Ward was lawfully detained at the time he falsely identified himself.
To stop and detain a person for investigation, an officer must have a reasonable suspicion that the person has committed, is committing, or is about to commit a crime. Popple v. State, 626 So.2d 185, 186 (Fla.1998). Whether an officer’s suspicion is reasonable is determined by the totality of the circumstances that existed at the time of the stop and is based solely on the facts known to the officer before the stop. Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001). However, a detention does not occur simply because an officer approaches an individual and initiates a conversation. Voorhees v. State, 699 So.2d 602, 608 (Fla.1997). Thus, when the officers approached Ward and asked him if he lived at Ocala Place Apartments, their actions constituted a consensual encounter, not a detention. Id.
 After Ward advised the officers that he was not a resident, but was “cutting through,” the consensual encounter was elevated to a detention because, as acknowledged by Officer Sirolli, Ward was no longer free to leave. This detention was lawful because the officers had reasonable suspicion to believe that Ward had just committed the crime of trespass. Specifically, section 810.09(l)(a), Florida Statutes (2007), provides that an individual commits the offense of trespass when, without being authorized, licensed, or invited, such person willfully enters upon property, other than a structure or conveyance, as to which notice against entering has been given either by actual communication or by posting as described in section 810.011. By his own admission, Ward had no lawful reason to be on the Ocala Place Apartment’s property. Furthermore, there were numerous large, visible “no trespassing” signs throughout the apartment complex, including at the location where Ward entered onto the property.
Having been lawfully detained, Ward’s act of providing a false name to the officers constituted a violation of section 901.36(1). The fact that Officer Sirolli initially intended to exercise his discretion to give Ward a written warning, rather than effect an arrest, did not render the detention unlawful. An officer can lawfully detain an individual who the officer reasonably suspects has committed a crime regardless of whether the officer intends to make an arrest. See Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (subjective intentions of officers play no role in ordinary, probable cause Fourth Amendment analysis); State v. Wise, 603 So.2d 61, 63 (Fla. 2d DCA 1992) (officer had authority to temporarily detain suspect in order to investigate misdemeanor even though officer could not effect arrest because misdemeanor had occurred outside officer’s presence).
Ward additionally argues that the State failed to establish that the posted “no trespassing” signs strictly complied with the requirements of section 810.011(5).[5] However, the issue is whether *900 the officers had reasonable suspicion to believe that Ward had committed the offense of trespassing, not whether the defendant had actually committed a crime. A police officer is not required to determine conclusively that a crime has occurred prior to detaining an individual. State v. Wimberly, 988 So.2d 116, 119-20 (Fla. 5th DCA 2008). We find no error in the trial court’s denial of Ward’s motion to suppress.
AFFIRMED.
TORPY and COHEN, JJ., concur.

. § 790.07(2), Fla. Stat. (2007).

. § 893.13(l)(a), Fla. Stat. (2007).

.§ 901.36(1), Fla. Stat. (2007).

. Section 901.36(1) provides:
It is unlawful for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name, or otherwise falsely identify himself or herself in any way, to the law enforcement officer.

. Section 810.011 (5)(a) 1., Florida Statutes (2007), provides:
*900 (5)(a) 'Posted land’ is that land upon which:
1. Signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than 2 inches in height, the words "no trespassing" and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside the boundary line....