STEVENSON, J.
D.T., a juvenile, was twice arrested and charged with offenses arising from his presence and activities at Nola’s Plaza, a small shopping plaza located at Forest Hill and Jog Road in Palm Beach County. These offenses were charged in separate petitions for delinquency and led to two independent adjudicatory hearings and findings of guilt on the charges. Because the legal issues are related, we sua sponte consolidate these cases on appeal solely for the purpose of writing a single opinion addressing both cases.
In case number 4D10-2760, D.T. challenges his adjudication of delinquency for the May 7, 2010 crimes of providing a false name to police and resisting an officer without violence. Appellant argues that an adjudication of guilt for providing a false name to police can be sustained only where the false name was provided during a lawful detention or arrest and, here, the false name was provided during a consensual encounter the subject of which involved only a potential trespass. As for the resisting without violence, appellant argues his conviction cannot be sustained as the evidence failed to establish police were engaged in the lawful execution of a legal duty when they attempted to arrest him as the evidence was insufficient to establish that police had the probable cause necessary to justify his arrest for trespassing. We agree with appellant and reverse these adjudications of guilt.
In case number 4D10-2761, D.T. challenges his adjudication of delinquency for the October 15, 2009 crime of resisting an officer without violence. Here, the resisting was appellant’s failure to comply with an officer’s orders that appellant stop as he attempted to leave an area upon the officer’s approach. Appellant argues that the officer was not engaged in the lawful execution of a legal duty when he ordered him to stop as the evidence failed to establish that appellant was trespassing. Because the facts and circumstances in this case warranted a reasonable suspicion on the part of the arresting officer that appellant was committing the offense of trespass, we affirm this adjudication of guilt.

The May 7, 2010 Charges (W10-2760)

With respect to ■ the May 7, 2010 charges, the evidence reflected that at about 9:30 p.m., Officer Knight entered Nola’s Plaza. Businesses in the plaza, including Nola’s Pizza, were open at the time. A sign with the words “no trespassing” was posted on the front of the building, nearest the check cashing store at the eastern end. The eastern side of the building was posted with a “no trespassing” sign and a sign with the words “no loitering or soliciting on this property.” Officer Knight saw four individuals, including appellant, at the east side of the building and “on the sidewalk right — kind of like next to the walk” and “like right there by the check cashing store.” Photographs of the signs and the relevant area of the plaza were introduced.
Officer Knight approached the group, identified himself as a police officer, and asked why they were loitering around the *1238 business. Appellant replied they were “just hanging out.” The officer asked everyone for ID and, if they did not have ID, then for their name and date of birth. Appellant told the officer his name was Dwayne Thomas, Jr. Officer Knight called this information into dispatch. While awaiting a response, Officer D’Angelo arrived. Officer D’Angelo was familiar with appellant and knew his name. Officer Sentimont attempted to arrest and handcuff appellant. Appellant began swinging his arms to avoid being cuffed. Based on the foregoing events, appellant was charged with trespassing and providing a false name to the police. The trial court denied appellant’s motion for judgment of dismissal as to both charges and that ruling is challenged in this appeal.

Providing a False Name

Section 901.36(1), Florida Statutes (2010), states “[i]t is unlawful for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name.... ” Lawful detention is thus a condition precedent to the crime of giving a false name to a police officer. See also K.D. v. State, 43 So.3d 829, 829 (Fla. 1st DCA 2010). Appellant insists he was entitled to a judgment of dismissal on the charge as he and the officer were engaged in a consensual encounter, not a detention or arrest, at the time he gave the false name.
“A detention does not occur simply because an officer approaches and asks questions, or requests to examine identification.” Brevick v. State, 965 So.2d 1246, 1249 (Fla. 5th DCA 2007). Contact with police rises to the level of a detention “when, ‘in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.’ ” Id. (quoting Voorhees v. State, 699 So.2d 602, 608 (Fla.1997)). “ ‘An officer may address questions to anyone on the street, and unless the officer attempts to prevent the citizen from exercising his right to walk away, such questioning will usually constitute a consensual encounter rather than a stop.’ ” Mays v. State, 887 So.2d 402, 403 (Fla. 2d DCA 2004) (quoting State v. Mitchell, 638 So.2d 1015, 1016 (Fla. 2d DCA 1994)), approved, 959 So.2d 216 (Fla.2007). Factors that might indicate a seizure include “the ‘threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer’s request might be compelled.’ ” State v. Dixon, 976 So.2d 1206, 1209 (Fla. 4th DCA 2008) (quoting P.W. v. State, 965 So.2d 1197, 1199 (Fla. 4th DCA 2007)).
Here, appellant and his companions were approached and questioned by a single officer. The officer asked for ID and names — an action permissible within the confines of a consensual encounter. There was no evidence that the officer in any way restrained appellant’s freedom of movement, made a show of authority, or in any way indicated to appellant and his friends that they were not free to leave. Thus, at the time appellant provided the false name, the officer and appellant were engaged in a consensual encounter. See State v. Page, 73 So.3d 351 (Fla. 4th DCA 2011) (holding contact was consensual encounter where officers approached appellant, who was standing on side of building, asked for name and date of birth and did warrants check based on information provided); O.A. v. State, 754 So.2d 717 (Fla. 4th DCA 1998) (holding appellant and officer were engaged in consensual encounter when officers investigating traffic incident asked a passing-by appellant for his name and why he was out at such an hour and awaited response from dispatch). Because appellant provided the officer with a false *1239 name during a consensual encounter, and not a lawful detention or arrest, he could not be guilty of the crime of providing a false name to an officer and was entitled to a judgment of dismissal on the charge.

Resisting an Officer Without Violence

To obtain a conviction for resisting an officer without violence, the State must prove (1) that the officer was engaged in the lawful execution of a legal duty and (2) that appellant’s actions amounted to obstruction or resistance of that lawful duty. See Slydell v. State, 792 So.2d 667, 672 (Fla. 4th DCA 2001). Appellant insists the evidence is insufficient to satisfy the first prong, arguing that because he provided the false name to police during a consensual encounter, he could not lawfully be arrested for such offense and that he also could not lawfully be arrested for the crime of trespass as the officer lacked the probable cause necessary to justify an arrest for trespass. Having already resolved the first of these arguments in favor of appellant, we turn to his claim that police lacked probable cause to arrest him for trespass.
To be guilty of trespass on property other than a structure or conveyance, appellant must have been given notice against entry. See § 810.09(1), Fla. Stat. (2010). This notice may be accomplished by either “actual communication” to appellant or by “posting” the property as that term is defined by statute. See § 810.09(1)(a)1, Fla. Stat.; see also Ward v. State, 21 So.3d 896 (Fla. 5th DCA 2009). The statutory requirements for posting are very specific, requiring signs placed at specific locations, at specific heights, and in type of a certain size. See § 810.011(5), Fla. Stat.[1] In the absence of this prior warning by communication or “posting,” a police officer may initiate a consensual encounter to issue a trespass warning if he has been authorized to do so by the property owner, but he may not detain or arrest for trespass. See Gestewitz v. State, 34 So.3d 832, 834 (Fla. 4th DCA 2010).
As to this May 7, 2010 incident, there was no evidence that any prior “actual communication” of a trespass warning had been given to appellant. The probable cause necessary to justify an arrest of appellant for trespass could thus have aris *1240 en only as a consequence of the “no trespassing” signs posted on the front of the building near the check cashing store and along the eastern sidewall of the building. In order for the posted signs to provide the required notice against entry and to give rise to probable cause to arrest for trespass, there must be evidence that the signs complied with section 810.011(5) and that the property was “posted” within the meaning of the statute. See Baker v. State, 813 So.2d 1044 (Fla. 4th DCA 2002) (holding police lacked probable cause to arrest for trespass where property owner placed “no trespassing” sign in lawn of the middle unit of the three duplexes he owned; police saw appellant on lawn of adjoining property; and there was no evidence of prior trespass warning to appellant or that property was “posted” within the meaning of the statute as “no trespassing” signs were not placed at each corner and along the boundary line); Smith v. State, 778 So.2d 329 (Fla. 2d DCA 2000) (holding police lacked probable cause to arrest appellant for trespass in parking lot of convenience store as there was no evidence of prior “actual communication” of a trespass warning to appellant and, although a “no trespassing” sign was posted, the property was not “posted” as required by the statute).
The photographs of, and testimony concerning, the “no trespassing” signs in this case were insufficient to establish the property was “posted” within the meaning of the statute and thus insufficient to give the officer probable cause to arrest appellant for trespass. As a result, the officer was not engaged in the lawful execution of a legal duty when appellant resisted the officer’s attempt to cuff him by swinging his arms.[2] Appellant was thus entitled to a judgment of dismissal on the charge.

The October 15, 2009 Resisting an Officer Without Violence (WlO-2761)

At the close of the State’s case, the evidence was that on October 15, 2009, at about 10:30 p.m., Officer D’Angelo was patrolling in the area of Nola’s Plaza. Nola’s Pizza is in that plaza and was open at the time. The doors to the businesses face a sidewalk and the parking lot is beyond the sidewalk. On the east side of the plaza, there is a “gap” and, as a consequence of back-and-forth activity, police monitored the area. Appellant was observed by Officer D’Angelo, not in front of the open pizza place, but on the east side of the building and “next to” the shopping plaza, where there are “no loitering” and “no trespassing” signs. Officer D’Angelo testified that, on two prior occasions, he observed appellant in that exact location and instructed him about the “no trespassing” signs. As the officer pulled into the plaza, appellant looked directly at the patrol car, grabbed his backpack and began walking east toward an apartment complex. The officer called for appellant to stop. Appellant continued to quickly walk away, despite the officer’s ordering him to stop two or three more times.
*1241 When the State rested, appellant moved for a judgment of dismissal, arguing the State had failed to prove the officer was engaged in the lawful execution of a legal duty as the evidence failed to establish the officer had the reasonable suspicion necessary to justify appellant’s detention. Appellant pointed to the lack of evidence establishing that the property owner had given police permission to issue trespass warnings or that the property was “posted” within the meaning of the trespass statute. The trial court deferred ruling on the motion and, during his case, appellant introduced photographs of a “no trespassing” sign on the front wall of the building and the signs on the side of the building. The trial court denied the renewed motion for judgment of acquittal.
In the absence of evidence that the property owner had given police permission to issue trespass warnings or that the property was “posted” within the meaning of the trespass statute, appellant could not be convicted of trespass. See W.J. v. State, 18 So.3d 1259 (Fla. 3d DCA 2009) (noting appellant obtained judgment of dismissal on trespass charge because State failed to present evidence that officer who previously warned appellant against trespass had authority to give such warning); Smith v. State, 778 So.2d at 331 (reversing where no evidence that anyone, owner or police, had previously warned appellant not to trespass and no evidence “no trespassing” signs complied with statute); In re B.P., 610 So.2d 625 (Fla. 1st DCA 1992) (holding appellant entitled to judgment of acquittal where no evidence signs contained property owner’s name as required by statute). And, while we need not decide the issue, the absence of such evidence in this case may arguably preclude a finding of probable cause. Cf. Baker, 813 So.2d at 1045-46 (finding no probable cause to arrest for trespass where officer admitted he had not previously warned appellant against trespass and signs did not comply with statute); Wright v. State, 792 So.2d 1264, 1266 (Fla. 4th DCA 2001) (finding no probable cause to arrest for trespass as no prior trespass warnings had been given and property was not “posted” as required by the statute).
The issue, though, is not whether the evidence was sufficient to sustain a conviction for trespass or sufficient to give rise to probable cause to arrest for trespass. Rather, the issue is whether the evidence was sufficient to establish a reasonable suspicion of trespass so as to justify appellant’s detention. The “reasonable suspicion” necessary to justify a detention involves less than the “probable cause” required to arrest. See, e.g., Baptiste v. State, 995 So.2d 285, 291 (Fla.2008) (“ ‘Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.’ ”) (quoting Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). Mere presence on the property is insufficient to give rise to a reasonable suspicion of trespass and a reasonable suspicion of trespass must be based upon something more than “a mere hunch or guess.” Rochell v. State, 934 So.2d 586, 586 (Fla. 1st DCA 2006).
That “something more” was found in Ward v. State, 21 So.3d 896 (Fla. 5th DCA 2009). There, police approached appellant at 2:30 a.m. on the grounds of an apartment complex posted with numerous, large “no trespassing” signs. Appellant acknowledged he was not a resident and was “cutting through.” The officer asked ap *1242 pellant for his name so he could issue a trespass warning. Upon giving two different spellings of the name, appellant was arrested for providing a false name to police and, during a search incident to arrest, police found a gun and cocaine. The Fifth District held the officer had a “reasonable suspicion” of trespass. The court rejected appellant’s claim that there could be no “reasonable suspicion” in the absence of evidence that the “no trespassing” signs complied with the statute, noting the issue was whether police had a reasonable suspicion of trespass to justify a stop and not whether the evidence was sufficient to sustain a conviction for the crime.
“Something more” was also found in W.J. v. State, 18 So.3d 1259 (Fla. 3d DCA 2009). There, police saw a group of boys shooting dice and placing bets at a public housing playground. The defendant was in the group, but police did not observe him gambling. Two days earlier, one of the officers had encountered the defendant on the same playground, instructing him to leave and warning that if he returned he would be arrested for trespass. When police exited their patrol car, the defendant and another fled. The defendant was caught and charged with resisting an officer without violence and trespass. The defendant obtained a judgment of dismissal on the trespass charge as the State failed to present evidence that the officer who warned the defendant to stay off the property had the authority to do so. The defendant was convicted of resisting an officer without violence and challenged his conviction, insisting the evidence also failed to establish police had either the reasonable suspicion necessary to justify a detention for trespass or the probable cause required to arrest him. The Third District rejected the argument.
In the instant case, it was 10:30 p.m. and the officer observed appellant not along the sidewalk (where the doors to the businesses were) or near the open pizza place, but on the side of the building. “No trespassing” and “no loitering” signs were posted on that side of the building. This particular area was patrolled because of a “gap” between the plaza and a neighboring apartment complex and, on two prior occasions, the officer found appellant in that same location and warned him against trespassing on the premises. As in Ward and W.J., we believe the circumstances gave rise to a reasonable suspicion of trespass so as to justify appellant’s detention. We thus reject appellant’s argument that the State failed to present evidence establishing the officer was engaged in the lawful execution of a legal duty — a necessary predicate for the resisting without violence conviction.
We are cognizant of F.E.H., Jr. v. State, 28 So.3d 213 (Fla. 4th DCA 2010), but find it distinguishable. There, police observed appellant and a companion in the corner of the open parking lot of a closed daycare center. A detective approached appellant, while four or five other officers walked past appellant to focus on others. Appellant began to walk away from the parking lot and the officer called him back. The detective then asked appellant if there was anything he needed to know, prompting appellant to hand over a bag of marijuana. Appellant moved to suppress the marijuana, arguing it was the fruit of an illegal detention. This court held the officer’s actions amounted to a seizure and rejected the State’s claim that the detention was justified by the detective’s reasonable suspicion of trespass. There was no evidence that the lot was “posted” within the meaning of the trespass statutes. In fact, the evidence was to the effect that the parking lot was open and frequently used by people walking down the street to “cut the *1243 corner.” Additionally, appellant had already left the premises at the time of the stop.
The open parking lot and evidence of its frequent use by passers-by in F.E.H., Jr. militated against finding a reasonable suspicion of trespass by appellant. In contrast, here, appellant was not standing out in the open parking lot, but next to the shopping plaza and near the “no trespassing” signs. And, unlike F.E.H., Jr., here, there was evidence appellant had twice been warned against trespass at this precise location.
Accordingly, appellant’s convictions for providing a false name to police and resisting an officer that arose out of the events of May 7, 2010 (4D10-2760) are reversed. The conviction for resisting an officer that arose out of the events of October 15, 2009 (4D10-2761) is, however, affirmed.

Affirmed in part and Reversed in part.

WARNER and CONNER, JJ., concur.

. Section 810.011(5), Florida Statutes, provides as follows:
(5)(a) "Posted land” is that land upon which:
1. Signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than 2 inches in height, the words "no trespassing” and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside the boundary line; or
2. a. Conspicuous no trespassing notice is painted on trees or posts on the property, provided that the notice is:
(I)Painted in an international orange color and displaying the stenciled words "No Trespassing” in letters no less than 2 inches high and 1 inch wide either vertically or horizontally;
(II) Placed so that the bottom of the painted notice is not less than 3 feet from the ground or more than 5 feet from the ground; and
(III) Placed at locations that are readily visible to any person approaching the property and no more than 500 feet apart on agricultural land.
b. Beginning October 1, 2007, when a landowner uses the painted no trespassing posting to identify a "no trespassing” area, those painted notices shall be accompanied by signs complying with subparagraph 1. and placed conspicuously at all places where entry to the property is normally expected or known to occur.

. The State suggests the resisting without violence conviction can be affirmed under the theory that the resistance was appellant's giving of a false name and that this resistance occurred during the officer's execution of his lawful duty to investigate the trespass and/or issue a trespass warning. This argument is based upon a theory not charged in the petition for delinquency as appellant was charged with resisting Officer Sentimont — not Officer Knight, the officer to whom appellant provided the false name. Moreover, until such time as appellant was detained (and not just involved in a consensual encounter), he had no legal obligation to identify himself to police. See S.N.J. v. State, 17 So.3d 1258 (Fla. 2d DCA 2009).