SILBERMAN, Judge.
In this prosecution for possession of more than twenty grams of marijuana, the State appeals an order suppressing evidence found on the person of Glenn C. Bell. Because the officer had a consensual encounter with Bell during which Bell consented to a search, we reverse the suppression order and remand for further proceedings.
Bell filed a motion to suppress the marijuana found on his person when Officer Cope searched Bell on December 23, 2011. At the suppression hearing, a sergeant with the St. Petersburg Police Department testified that while she was off duty she observed a potential domestic disturbance as she was driving in St. Petersburg on the afternoon of December 23, 2011. Bell was on foot, and a female was driving a vehicle that appeared to be following Bell. Bell and the woman were yelling back and forth at each other. The woman pulled into a driveway, and they continued to argue in the driveway. The yelling attracted the attention of onlookers, and the sergeant knew that neither Bell nor the woman lived at that location. The sergeant called dispatch and reported the incident.
Officer Cope responded to the scene, parked his cruiser, and approached Bell on foot. Officer Cope, who was in uniform, did not put his hands on Bell and did not pull out his gun. Officer Cope said to Bell, “Can I speak to you?” When asked if those were the words he used, Officer Cope testified, “Yes, that’s how I generally stop people.” Although he used the word “stop,” Officer Cope acknowledged that he had no suspicion of criminal activity that would support a detention.
Bell agreed to speak with the officer. Officer Cope explained that he was there for a “potential domestic situation” and he “was trying to make sure that nobody was harmed, there’s no physical violence between anyone.” As they were speaking, Officer Cope noticed Bell fidgeting with his hands and putting them behind his back. Officer Cope asked Bell not to do that and asked whether Bell was carrying any weapons. Bell said he was not. Officer Cope then asked, “Can I search you?” Bell said yes, and Officer Cope found marijuana in a pocket of Bell’s shorts.
The trial court ruled that Officer Cope detained Bell without reasonable suspicion of criminal activity and that the subsequent consent to search was invalid. The trial court stated that Bell “should have been told that he was free to leave.” The court determined the “consent wasn’t valid in this case, either that he would not have known he was free to leave, that there wasn’t a basis initially for stopping him, and that the State hasn’t met its burden to show by clear and convincing evidence that he freely and voluntarily consented to the search.” The trial court granted Bell’s motion to suppress, and the State timely appealed.
*425 In reviewing a ruling on a motion to suppress, we defer to the trial court’s findings of historical fact that are supported by competent, substantial evidence. See Caldwell v. State, 41 So.3d 188, 194 (Fla.2010); State v. Witherspoon, 924 So.2d 868, 870 (Fla. 2d DCA 2006). Our review of the trial court’s application of the law to those findings of fact is de novo. Witherspoon, 924 So.2d at 870; see also State v. Gamez, 34 So.3d 245, 247 n. 1 (Fla. 2d DCA 2010) (recognizing that the legal issue of whether a consent to search is voluntary is subject to de novo review).
An investigatory stop to detain an individual temporarily is a seizure that requires a reasonable suspicion of criminal activity. G.M. v. State, 19 So.3d 973, 977-78 (Fla.2009). Officer Cope did not conduct an investigatory stop. Rather, he engaged Bell in a consensual encounter. It is clear that “every encounter between law enforcement and a citizen does not automatically constitute a seizure in the constitutional context.” Id. at 977. A consensual encounter involves minimal police contact in which the individual may voluntarily comply with or ignore the officer’s request. Id. The standard to determine if a consensual encounter or a seizure occurred is whether a reasonable person would feel free to leave, considering the totality of the circumstances. See id. at 978; P.W. v. State, 965 So.2d 1197, 1199 (Fla. 4th DCA 2007). Officer Cope explained how he asks citizens to speak to him. The fact that he asked if he could talk with an individual, thereby getting the person to stop, does not mean the officer’s action constituted an investigatory stop in the constitutional sense. The focus is on whether a reasonable person would feel free to leave.
Factors that indicate a seizure include “the ‘threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer’s request might be compelled.’ ” P.W., 965 So.2d at 1199 (quoting United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)). Here, none of those factors are present. Officer Cope approached Bell on the street, did not display his weapon, did not touch Bell, and did not engage in any other threatening conduct. Officer Cope asked, “Can I speak to you?” Bell agreed to speak with the officer.
In Witherspoon, this court described the officer’s initial contact with Witherspoon as “a classic example of a consensual citizen encounter.” 924 So.2d at 870. There, the officer pulled his patrol car off the road around midnight and approached Wither-spoon. Id. The officer said he was conducting field interrogations and wanted to ask Witherspoon a few questions, and Witherspoon agreed. This court explained that the officer parked his patrol car, did not block Witherspoon’s way, approached Witherspoon alone, and asked to speak to him. Id. at 871.
Similarly, Officer Cope parked his patrol car, approached Bell on foot alone, and asked, “Can I speak to you?” Bell said yes, and Officer Cope explained that he was there for a potential domestic situation and wanted to make sure that no one was harmed. Based on the totality of the circumstances, this constituted a consensual encounter.
With respect to the ensuing search, Officer Cope noticed Bell fidgeting with his hands and putting them behind his back during their conversation. Officer Cope asked Bell not to do that and asked Bell whether he was carrying any weapons. Bell said that he was not. Officer Cope then asked, “Can I search you?” *426 Bell said yes, and the search revealed marijuana.
When there is no prior illegal police conduct, the State has the burden to show by a preponderance of the evidence that the consent to search was voluntary. Gamez, 34 So.3d at 247. An officer may ask for consent to search during a consensual citizen encounter, and the “officer need not have a reasonable suspicion of criminal activity before seeking consent to search.” Witherspoon, 924 So.2d at 871. In Witherspoon, the officer approached on foot and engaged Witherspoon in a consensual encounter. 924 So.2d at 870. During their conversation the officer asked for permission to conduct a pat down, and Witherspoon agreed. This court determined that the consent to the pat down was voluntary. Id. at 871; see also P.W., 965 So.2d at 1199 (determining that the officer asked P.W. for consent to a pat down during a consensual encounter and that the consent was voluntary).
In Gamez, this court determined that a consent to search during an investigatory stop was voluntary and rejected Gamez’s argument that his consent was a concession to the officer’s authority. 34 So.3d at 247-48. This court noted that there was no coercive conduct by the police and that “Gamez never testified that he felt his consent was not voluntary or that he felt he did not have a choice.” Id. at 248.
Similarly, there is no evidence that Officer Cope engaged in any coercive conduct during the consensual encounter. Further, there is no evidence that Bell felt that he did not have a choice when the officer asked for consent to search. Based on the totality of the circumstances, we conclude that Bell’s consent to search was voluntary.
Because Officer Cope engaged Bell in a consensual encounter during which Bell gave a voluntary consent to search, the trial court should have denied Bell’s motion to suppress. Therefore, we reverse the suppression order and remand for further proceedings.
VILLANTI and WALLACE, JJ., Concur.