DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.O.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2546

[March 20, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stacy Ross, Judge; L.T. Case No. 18000951DLA.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant, a juvenile, challenges a judgment of delinquency, in which the court found him guilty of unlawful use of a false name and resisting without violence. He contends that the court erred in denying his motion for judgment of dismissal because he was not lawfully detained at the time that he gave a false name to the officers, nor were the officers engaged in the lawful execution of a legal duty when he resisted arrest without violence. We agree that he was not guilty of using a false name, but conclude that the officers were in the execution of a legal duty and had reasonable suspicion to stop him under the totality of the circumstances. Thus, we reverse the adjudication of giving a false name, but we affirm the adjudication of resisting arrest.

K.O. was charged with violation of section 901.36(1), Florida Statutes (2018), for giving a false name to police, and violation of section 843.02, Florida Statutes (2018), for resisting arrest without violence. About 10:42 p.m. on March 14, 2018, three Fort Lauderdale police officers were dispatched to a church to respond to a call about trespassers. When they arrived, they observed seven juveniles hanging out at the church. There

was a posted yellow "no trespassing" sign on the church. The officers exited their vehicles, and one of the officers asked the group of individuals for their names and an explanation of what they were doing there. The juveniles identified themselves accurately, except for K.O., who gave a false name and birthdate. When the officer could not confirm his name and birthdate, another officer went to his vehicle to obtain a fingerprint scanner. At that point, K.O. ran away. The officers called for him to stop, but he continued to run. After a chase, K.O. was detained and eventually gave his real name and date of birth.

The officer who asked for K.O.'s name admitted that she did not know if the owner of the property had given K.O. an order to leave the property, nor did she know whether the police had been authorized to issue a trespass warning. The officers thought that their authority arose from the "no trespassing" sign on the church.

After the conclusion of the evidence, K.O. moved for a judgment of dismissal, arguing that the officers were not in the lawful execution of a legal duty. The trial court rejected the argument, noting that the issue was whether, based upon the posted signs, the officer had the authority to ask K.O. his name. Ultimately, the court entered a disposition, finding K.O. guilty of both unlawful use of a false name and resisting without violence. K.O. appeals this disposition.

K.O. was charged with the violation of two statutes. Section 901.36(1), Florida Statutes, provides that "[i]t is unlawful for a person **who has been arrested or lawfully detained** by a law enforcement officer to give a false name . . . ." (emphasis added). Section 843.02 provides:

> Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) . . . in the **lawful execution of any legal duty**, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree . . . .

(emphasis added). Because K.O. was neither arrested nor lawfully detained by the officer when he gave the officer the false name, he cannot be guilty of a violation of section 901.36(1). The officers were, however, in the lawful execution of a legal duty when they ordered him to stop. Therefore, he is guilty of resisting an officer without violence under section 843.02.

This case is controlled by *D.T. v. State*, 87 So. 3d 1235 (Fla. 4th DCA 2012), as to the violation of section 901.36(1). The opinion in *D.T.*

addressed two consolidated cases, and this case is factually similar to one of those cases, number 4D10-2760. There, an officer was driving in a commercial plaza, which included a pizza restaurant, around 9:30 p.m. *Id.* at 1237. A "no trespassing" sign was posted on the front of the building and on the eastern side of the building. *Id.* The officer saw four individuals, including D.T., at the east end of the building next to the sidewalk. *Id.* Approaching the group, the officer identified himself as a police officer and asked the juveniles for their names and why they were loitering. *Id.* at 1237-38. D.T. gave a name to the officer. *Id.* at 1238. While awaiting confirmation of the name with dispatch, another officer arrived who was familiar with appellant and knew his name. *Id.* The second officer attempted to arrest and handcuff appellant, who began swinging his arms. *Id.* Based on this encounter, D.T. was charged with giving a false name to the police and resisting without violence.[1] *Id.* at 1237.

As to the charge of giving a false name, we noted that the statute requires that a person be arrested or lawfully detained at the time the false name is given. *Id.* at 1238. We determined that the encounter between D.T. and the police when he gave the false name was a consensual encounter, and thus, it did not violate the statute.

> "A detention does not occur simply because an officer approaches and asks questions, or requests to examine identification." *Brevick v. State*, 965 So. 2d 1246, 1249 (Fla. 5th DCA 2007). Contact with police rises to the level of a detention "when, 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" . . . Factors that might indicate a seizure include "the 'threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" *State v. Dixon*, 976 So. 2d 1206, 1209 (Fla. 4th DCA 2008) (quoting *P.W. v. State*, 965 So. 2d 1197, 1199 (Fla. 4th DCA 2007)).

---

[1] The *D.T.* opinion states in one place that D.T. was adjudicated for the crimes of providing a false name to police and resisting an officer without violence. *Id.* at 1237. Later on in the facts, the opinion states that he was charged with trespassing and providing a false name. *Id.* at 1238. However, the legal discussion involves providing a false name and resisting without violence. Therefore, we consider the reference to the trespassing charge as a mistake.

3

*Id.* The juveniles in *D.T.* were approached by a single officer who saw them at a building marked with a "no trespassing" sign. The officer asked for the juveniles' names and identification. There was no show of authority or indication that the juveniles were not free to leave. The juveniles were not detained. Thus, we held:

> [A]t the time appellant provided the false name, the officer and appellant were engaged in a consensual encounter. *See State v. Page*, 73 So. 3d 351 (Fla. 4th DCA 2011) (holding contact was consensual encounter where officers approached appellant, who was standing on side of building, asked for name and date of birth and did warrants check based on information provided) . . . .

*Id.* at 1238. *Accord Slydell v. State*, 792 So. 2d 667, 672-73 (Fla. 4th DCA 2001) (noting officers were engaged in a consensual encounter when they approached an individual on a property with "no trespassing" signs to ascertain his identity).

Similarly, K.O. was not detained at the time that he gave the officers the false name. Although there were more officers involved, they did not make any show of authority, touch K.O., or use language which would suggest that K.O. was not free to leave. Thus, because K.O. and the officer were engaged in a consensual encounter when he gave the false name, he cannot be guilty of violating section 901.36(1).

The court, however, did not err in denying the motion for judgment of dismissal as to the charge of resisting arrest without violence. The officer was investigating a call regarding trespassers on the church property. By responding to the call, the officers were engaged in the lawful execution of a legal duty. *See Francis v. State*, 736 So. 2d 97, 99 n.1 (Fla. 4th DCA 1999) (noting that an investigation following a 911 call was a lawful execution of a legal duty); *Brandful v. State*, 858 So. 2d 367, 370 (Fla. 3d DCA 2003) (finding that the trial court properly instructed the jury that the investigation of a complaint constituted lawful execution of a legal duty); *P.B.P. v. State*, 955 So. 2d 618, 623-24 (Fla. 2d DCA 2007) (concluding that police officers investigating an anonymous call, in which the caller complained about juveniles running through backyards of homes in the middle of the night, constituted the lawful execution of a legal duty). At least two of the officers testified to seeing a "No Trespassing" sign on the building, although no one testified as to the size and location of the sign. The officers suspected that K.O. was trespassing. *See Ward v. State*, 21 So. 3d 896, 899-900 (Fla. 5th DCA 2009) (finding that although the fact that the "no trespassing" sign did not comply with the statute may

mean that the defendant did not actually commit a crime, an officer is not required to conclusively determine that a crime has been committed in order to detain an individual).  When asked for his name, appellant gave the officer a name which the officer could not confirm.  Then the appellant fled.  Flight is a relevant factor in determining reasonable suspicion.  *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *C.E.L. v. State*, 24 So. 3d 1181, 1186 (Fla. 2009); *Parker v. State*, 18 So. 3d 555, 558-59 (Fla. 1st DCA 2008) ("[U]nprovoked flight may give rise to a reasonable suspicion of criminal activity even when the flight does not take place in a high-crime area, depending on the remaining circumstances of the case.").  Although the encounter began as a consensual one, by the time that the officer ordered K.O. to stop, considering the totality of the circumstances, she had reasonable suspicion of criminal activity, and K.O. resisted by continuing to run away.

For the foregoing reasons, we reverse the adjudication of giving a false name, but affirm the adjudication of resisting arrest and remand for resentencing on the resisting arrest charge.

DAMOORGIAN and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5