# Third District Court of Appeal

## State of Florida

Opinion filed July 16, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1209
Lower Tribunal No. J24-2

————————————

**B.W., a Juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dawn Denaro, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed.  See K.O. v. State, 267 So. 3d 427, 430 (Fla. 4th DCA 2019) ("The officer was investigating a call regarding trespassers . . . .  By responding to the call, the officers were engaged in the lawful execution of a legal duty."); P.B.P. v. State, 955 So. 2d 618, 624–25 (Fla. 2d DCA 2007) (concluding that police officers investigating anonymous call complaining about juveniles running through backyards of homes at night constituted lawful execution of legal duty); Brandful v. State, 858 So. 2d 367, 370 (Fla. 3d DCA 2003) ("[I]nvestigating a complaint constitutes the lawful execution of a legal duty."); V.L. v. State, 790 So. 2d 1140, 1142 (Fla. 5th DCA 2001) ("The investigation of a crime by a police officer is an execution of a lawful duty."); Francis v. State, 736 So. 2d 97, 98–99 n.1 (Fla. 4th DCA 1999) (acknowledging that officer investigating 911 call was lawful execution of legal duty); see also Bass v. State, 304 So. 3d 786, 792–93 (Fla. 1st DCA 2018) (citing cases); In re J.B., 621 So. 2d 489, 491 (Fla. 4th DCA 1993) ("A 911 call is a cry to the authorities for help.  And until the investigating officer is reasonably satisfied that no emergency exists, he is within his legal duty to investigate such calls in a manner consistent with their emergency nature.").